## KLEINSCHMIDT, RESPONDENT, *v.* BINZEL, APPELLANT.

[Submitted October 19, 1892. Decided January 22, 1894.]

ESTOPPEL—*Res judicata—Judgment on demurrer.*—Where a demurrer has been interposed to a complaint upon several grounds, embracing objections to form as well as to the merits, and is sustained generally, and the pleader abides by his pleading, and suffers judgment, such judgment does not estop the same party in another action, between the same parties or their privies, where it neither appears by the record, or by extraneous evidence, that the demurrer in the former action was sustained on consideration of the merits; and, in the absence of such showing, it will be presumed to have been sustained for defects of form rather than upon each of the several grounds alleged.

*Appeal from First Judicial District, Lewis and Clarke County.*

EJECTMENT. Judgment on the pleadings was rendered for the plaintiff below by HUNT, J. Reversed.

Statement of the case by Mr. Justice HARWOOD:

There is but one question involved in this appeal, namely, what effect ought to be given to plaintiff's plea of former adjudication, set up in bar of defendant's cross-complaint interposed in this action?

Respondent contends that by order of the court sustaining a demurrer to a complaint in an action formerly instituted by this defendant, and no further proceedings having been taken to avoid or reverse such ruling, the rights and equities claimed by defendant in and to the property in controversy set forth in his cross-complaint in this action have been adjudicated and determined against him, and that he is thereby estopped from now asserting the same in defense of the present action. And, respondent's position having been sustained by the trial court, appellant, through this appeal, seeks to controvert the correctness of that ruling.

We will narrate, as briefly as consistent with clearness, the facts and proceedings which gave rise to this question, as shown by the record.

This is an action in the nature of ejectment, whereby plaintiff seeks to recover possession of a certain described lot of land, situate in Helena, Lewis and Clarke county, alleging in his complaint ownership thereof since April 9, 1889, and that since that date he has been entitled to possession thereof; that defendant, Binzel, on that date, wrongfully entered and took possession, and has ever since withheld possession from plaintiff, and refused to deliver the same, although demanded. The value of the rents and profits during the time of the wrongful detention is also alleged. Upon which allegations, plaintiff demands judgment for restitution of possession, and for recovery of the value of the rents and profits. Defendant made answer to this complaint, specifically denying all its allegations, and in addition to such denial, by way of further defense and cross-complaint, alleges that on June 5, 1880, and for a long time prior thereto, defendant was in the quiet and lawful possession of a certain tract of land, which is particularly described, and "which said lot embraced, and now embraces, and includes within its exterior boundaries, all the land referred to in plaintiff's complaint," and which said lot defendant held in quiet, peaceable, and lawful possession on June 5, 1880, by virtue of a contract whereby Deborah M. Hoyt and her husband, E. M. Hoyt, agreed to convey said land to this defendant, a copy of which contract is annexed

to and made a part of the answer and cross-complaint, as Exhibit A.

This contract mentioned as "Exhibit A," purports to have been executed and acknowledged by said Deborah M. and E. M. Hoyt, as the parties of the first part, and said Binzel, as party of the second part, and sets forth that the parties of the first part, for a certain consideration mentioned, to be paid at any time within two years from the first day of May, 1878, with interest, etc., covenant and agree with Binzel to convey to him, or his heirs or assigns, by good and sufficient deed, the tract of land mentioned, and defendant Binzel, on his part, covenants to well and truly pay for said land as stipulated in the contract, and it was further agreed between said parties that the party of the second part was to have possession of said premises until default of such payment for 60 days, when he was subject to ouster.

Having introduced said contract, the answer and cross-complaint proceeds to allege, that, by mutual agreement between Deborah M. and E. M. Hoyt, the owners, and this defendant, the said contract to purchase and convey "was in full force and virtue on June 5, 1880, and for a long time thereafter"; that prior to said date defendant had caused to be placed on said land, "including the land described in plaintiff's complaint," divers permanent buildings and improvements, of the value of $6,000, which were thereon June 5, 1880; that, by reason of such improvements, defendant became, and was on that date, financially embarrassed, and unable to pay the unpaid purchase price then due on said lot to said Hoyts, together with a balance due and unpaid on the cost of erecting the buildings and improvements on said lot, all aggregating $4,000; that, to procure a loan of $4,000 to make such payments, defendant entered into an agreement with William H. Weimer and Carl Kleinschmidt, "of which said agreement plaintiff had full notice on and after June 5, 1880," by the terms of which agreement Weimer and Carl Kleinschmidt were to pay off and discharge half of said $4,000 indebtedness, for an undivided half-interest in the ownership of said lot, "and they further agreed to pay, as a loan to defendant, the remainder of said $4,000 indebtedness, to wit, $2,000, and thus procure, without delay, the title to

said lot, under defendant's aforesaid contract to purchase the same from Deborah M. and E. M. Hoyt"; that on June 5, 1880, pursuant to that agreement, "defendant conveyed to said Weimer and Carl Kleinschmidt the whole of said lot K, one undivided one-half thereof absolutely, in consideration of their agreement to pay one-half of said $4,000 indebtedness, and to advance as a loan to defendant $2,000, to pay the other half of said indebtedness, and the remaining undivided half of said property was conveyed to said Weimer and Carl Kleinschmidt, to be by them held as security for said sum of $2,000 to be advanced by them as a loan to defendant, wherewith to pay and discharge the remaining half of said $4,000 indebtedness; that said Weimer and Carl Kleinschmidt did, on receipt of said deed from defendant, execute and deliver to him their agreement in writing to reconvey to defendant an undivided half-interest and ownership in and to said lot K, and to all buildings and improvements thereon, at any time within three years from said June 5, 1880, on payment by defendant of said $2,000 to be by them advanced as a loan as aforesaid," a copy of which last-mentioned agreement is annexed to his answer and cross-complaint, as a part thereof, marked "Exhibit B."

Turning to Exhibit B, it is found to disclose an instrument, in form a bond for deed, purporting to have been executed and acknowledged by William H. Weimer and Carl Kleinschmidt, whereby they firmly bind themselves in the sum of $2,000, lawful money of the United States, unto Belthaser Binzel, conditioned as follows:

"The conditions of the above obligations are such that at any time within three years from the date of this obligation; that is to say, on or before the fifth day of June, A. D. 1883, that the said B. Binzel shall pay, or cause to be paid, the sum equal to one-half the indebtedness against that certain property known as the 'Penobscot Brewery,' viz., one-half of four thousand dollars, said sum to be paid, out of the profits of said brewery, from the date of this instrument, or at any time previous to that date heretofore mentioned that the profits shall exceed the indebtedness. We bind ourselves to make and deliver to said B. Binzel a good and sufficient deed, for the consideration of

one dollar, in and to the undivided one-half interest in and to that certain property known as the 'Penobscot Brewery,' and also one frame dwelling-house, one frame ice-house, one log cooper-shop, one malt-kiln, also one-half interest in a certain bill of sale of personal property, dated this date, from B. Binzel to said first parties; all of the above-described property being situated on lot K in section 30, township 10 north, range 3 west, according to the plat of lot No. 2, as it is recorded in Book U. S., pages 88 and 89, Lewis and Clarke county, Montana Territory, Records. In case said B. Binzel fails to make such payment in the time above specified, this obligation to be null and void; otherwise, to remain in full force and virtue."

Returning to the answer and cross-complaint, it proceeds, after introducing Exhibit B, to allege that plaintiff had " due notice and knowledge" of said contract, shown in Exhibit B, "at and long prior to the time of his purchase of said lot K, or any interest therein, from William Weimer and Carl Kleinschmidt"; that Weimer and Carl Kleinschmidt wholly failed and refused to advance to, or on behalf of, defendant, or cause the same to be done, said $2,000, or any part thereof, agreed by them to be advanced to defendant, and to secure payment whereof defendant conveyed to them an undivided one-half interest in said lot K as security, as aforesaid; that pursuant to their agreement with this defendant, which was duly transferred to said Weimer and Carl Kleinschmidt, the said Deborah M. and E. M. Hoyt conveyed unto said Weimer and Carl Kleinschmidt the whole of said lot K, by sufficient deed, dated June 12, 1880, which deed was received by them under and subject to their contract with this defendant, of which plaintiff well knew, and of which he had due notice long' prior to his purchase of any interest in said lot, or any part thereof; that whatever right, title, interest, or claim plaintiff has acquired in lot K is subsequent and subject to, and with due notice of, all the right, interest, claims, and equities of this defendant in and to said lot, including all the land and premises described in plaintiff's complaint; that plaintiff acquired all such interest as he may own in said premises from said Weimer and Carl Kleinschmidt, with due notice of their contract relating thereto with defendant, and with full knowledge that they had

wholly failed and refused to pay, advance, or account for the $2,000 which they agreed to advance as a loan to defendant, and to secure which they acquired and held an undivided one-half interest in said lot K, including the land described in plaintiff's complaint; that before June 5, 1883, to wit, June 4, 1883, "defendant, desiring to purchase his peace and avoid litigation, did duly tender unto plaintiff the sum of $2,000, lawful money of the United States, under and in conformity with the terms and conditions of said contract," marked "Exhibit B," and with such tender demanded of plaintiff the execution of a deed of conveyance, conveying to him an undivided one-half of said lot K, including the land described in the complaint, but plaintiff refused to accept said tender, or execute such conveyance to defendant, and has ever since continued such refusal and neglect; that, ever since such tender, defendant has been, and now is, ready and willing to pay to plaintiff the sum of $2,000, or such sum as the court may determine to be due on defendant's contract, and he now tenders the same to plaintiff, in court, and continues his demand for a conveyance of an undivided half-interest in said property according to the terms of said contract marked "Exhibit B," which plaintiff avers he has fulfilled, except in so far as prevented from so doing by the wrongful acts of plaintiff and said Weimer and Carl Kleinschmidt.

Defendant further avers that prior to all the dates and times mentioned in plaintiff's complaint, and prior to all the dates and times mentioned in his answer and cross-complaint, defendant was, and is now, in the quiet and peaceable possession of the whole of said lot K, "embracing the lands and premises described in plaintiff's complaint, as tenant in common and co-owner with said Weimer and Carl Kleinschmidt and plaintiff," which possession is jointly and as tenant in common with plaintiff. Wherefore, defendant prays judgment quieting his joint ownership of a half-interest in said premises; that an accounting be had between said defendant and said Weimer and Carl Kleinschmidt, or plaintiff, ascertaining the amount advanced by them and the amount due plaintiff pursuant to said contract, and that, on payment thereof, plaintiff

be required to convey to defendant an undivided one-half interest in and to said premises in controversy.

Plaintiff replied to this answer and cross-complaint, alleging that on June 22, 1883, defendant Binzel commenced an action by filing in this court his complaint, which complaint is fully set forth in the replication. It appears from that complaint that Binzel, as plaintiff, on June 22, 1883, commenced an action against Carl Kleinschmidt, Reinhold H. Kleinschmidt, James M. Ryan, Michael Jacobi, William H. Weimer, and Albert Kleinschmidt, as defendants, alleging in his complaint substantially all the facts set forth in the cross-complaint in the case at bar, with the same exhibits attached to said complaint of June 22, 1883, as are attached as Exhibits A and B to the cross-complaint in this case, and thereon demanded substantially the same relief on behalf of Binzel as he now seeks through his cross-complaint in the present case. The only substantial difference between the complaint of Binzel in his action of June 22, 1883, and his cross-complaint as a defense in the case at bar, is that in the former action the complaint went further, and in addition to the contracts evidenced by Exhibits A and B, and the facts alleged in relation thereto, the complaint of June 22, 1883, set forth a copartnership compact alleged to have been entered into between Binzel and said Weimer and Carl Kleinschmidt, whereby they agreed, on certain terms and conditions, to engage in and carry on the business of brewing in the Penobscot brewery, situate on the property in question, evidenced by a contract which was attached to said complaint of June 22, 1883, as Exhibit C, and that complaint alleged certain violations of the terms of said copartnership agreement, and injuries to certain partnership property, and also the destruction of said brewing business, resulting from alleged wrongful acts of said Weimer and Carl Kleinschmidt, alleged and set forth in said complaint, whereby plaintiff Binzel claimed to have been damaged in a large sum, for which he demanded judgment, along with the relief which he demanded upon the agreements evidenced by Exhibits A and B, and the facts alleged in reference thereto. There was also a further exhibit annexed to the complaint of June 22,

1883, which purports to be an assignment by Binzel to defendants Weimer and Carl Kleinschmidt of the contract between Binzel and said Hoyts for the sale and purchase of said land; and in reference to that exhibit it was alleged that, through such assignment, Weimer and Carl Kleinschmidt were enabled to obtain the conveyance of the title of said tract of land to them from said Hoyts. As to the other defendants named in said complaint of June 22, 1883, namely, Reinhold H. Kleinschmidt, James M. Ryan, Michael Jacobi, and Albert Kleinschmidt, it was alleged that they claimed some interest in said premises by way of pretended conveyances from, or as tenants of, said defendants Weimer and Carl Kleinschmidt, but that such conveyances or tenancy were acquired with full notice and knowledge of the rights of Binzel in said premises.

Having set forth that complaint which Binzel filed in his action of June 22, 1883, respecting the subject of this controversy, the plaintiff further alleges, in his reply to the cross-complaint in this action, that said complaint was demurred to by defendants therein, by filing their demurrer February 5, 1884; that such demurrer was sustained by the court, and plaintiff Binzel's bill dismissed, and judgment entered in favor of defendants in said action. That plaintiff in the case at bar "is successor to the aforesaid parties in and to the said property therein described, and is now the lawful owner thereof, and is entitled to the possession of the same, as set forth and alleged in his complaint." And upon that showing, as a reply to defendant's cross-complaint, plaintiff asserts "that by reason of the premises the said right, title, and equity of said Binzel has been adjudicated and determined, and by reason whereof he is estopped from asserting his pretended claim to said property," wherefore, plaintiff demands judgment as in his complaint. And thereupon plaintiff moved the court for judgment on the pleadings, which motion, after hearing, and examination of the record of 1883, and the alleged damage for wrongful withholding of possession having been waived, was sustained by the court, and judgment rendered for plaintiff's recovery according to the prayer of his complaint.

It appears from the record in the action of 1883 that two

demurrers to said complaint were filed. The first was overruled, as the record shows. Thereafter, another demurrer, of February 25, 1884, was interposed by defendant Carl Kleinschmidt, on the following alleged grounds:

"1. Said complaint does not state facts sufficient to constitute a cause of action. 2. Said complaint shows that the cause of action against this defendant for damages, if any existed, is, and was at the time of the commencement thereof, barred by section —, c. —, entitled, 'Limitations of the Revised Statutes of the Territory of Montana.' 3. The three causes of action set out in said complaint are not separately stated, as required by the statute. 4. There is a misjoiner of parties—Reinhold Kleinschmidt, James M. Ryan, and Michael Jacobi—as defendants herein. 5. There is a misjoiner of causes of action, in this: An action for specific performance and damages. 6. The complaint shows that the parties interested in the real property are not interested in the damage suit. 7. Said complaint shows that the parties against whom damages are claimed have no legal or equitable title to the real property in controversy. 8. No cause of action for specific performance is shown in said complaint."

This demurrer was sustained, as shown by the following record entry of March 10, 1884: "This cause having been heard upon defendant's motion to strike out, and demurrers, it is by the court ordered that the said motion to strike out, and demurrers, be sustained, to which plaintiff duly excepted.' Plaintiff has leave to amend the complaint herein."

Following that record entry is another of November 12, 1884, that: "In this action, plaintiff abiding his complaint, judgment is rendered in favor of defendants." And afterwards, of December 4, 1886, another entry, that: "In this action, it is ordered that the judgment be entered *nunc pro tunc* the entry thereof made in the journals of said court November 15, 1884."

No formal judgment was found in the records of the court; but in the register of actions it is noted, of date December 4, 1886, that judgment was entered "for defendant for costs; amount, $17.20."

*McConnell, Clayberg & Gunn,* for Appellant.

There is but one question presented by the record for consideration: Is the plaintiff's plea of former judgment as a bar supported by the evidence? It is an elementary principle of law that a former judgment will not operate as a bar to a subsequent suit upon the same cause of action unless such judgment was rendered upon the merits. (Freeman *on* Judgments, § 260. Cases hereinafter cited.) Does the evidence in this case establish the fact that the judgment, which is pleaded as a bar, was a judgment upon the merits? The record discloses that the judgment which is relied upon as a bar was rendered upon a demurrer both general and special in character. This demurrer was upon eight grounds. No evidence was introduced to show, and the record does not disclose, whether the demurrer was sustained upon one, two, or all of the grounds therein stated. Under these circumstances it will be presumed by the court that the demurrer was sustained upon the objections which did not go to the merits. (*Griffin* v. *Seymour,* 15 Iowa, 30; 83 Am. Dec. 396; *Bissell* v. *Spring Valley Township,* 124 U. S. 232.) The principle established by these decisions is also in harmony with and based upon the principle of law that where a judgment may have proceeded upon both of any two or more distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact must show affirmatively that it went upon that fact, or else the question is open to a new contention. (*Dygert* v. *Dygert,* 4 Ind. App. 276; *Lewis* v. *Ocean etc. Pier,* 125 N. Y. 341; *Bell* v. *Merrifield,* 109 N. Y. 202; 4 Am. St. Rep. 436; *Russell* v. *Place,* 94 U. S. 606; *Packet Co.* v. *Sickles,* 5 Wall, 580; *Woodland* v. *Newhall,* 31 Fed. Rep. 435; *Sawyer* v. *Woodbury,* 7 Gray, 499; 66 Am. Dec. 518; *McDowell* v. *Langdon,* 3 Gray, 513.) The plea of a former adjudication as a bar cannot be established by inference and presumption, but must be supported by positive evidence [cases last cited]. The plaintiff having failed to show that the judgment relied upon as a bar was rendered because the complaint did not state a cause of action it will be presumed that the judgment was not a judgment upon the

merits. No proof having been offered by plaintiff to show the fact decided by the judgment which is pleaded as a bar, the whole matter is open for further litigation. Where a demurrer is sustained and the parties are left in court a judgment rendered upon such demurrer is not a judgment on the merits. (Herman on Estoppel, § 274.) Considering the whole record, then, the demurrer must have been sustained because of formal defects, and the judgment rendered cannot be pleaded as a bar. (Herman on Estoppel, § 274.) We therefore submit, that, under the principles of law stated and in the light of the facts, the judgment should not be regarded as a judgment on the merits, and the plea in bar is not well taken. But if the judgment was rendered upon the ground that the complaint did not state a cause of action it would not be a bar to the cause of action set forth in the cross-complaint, if it appears that there are different and additional allegations in the cross-complaint, and the cause of action stated in the cross-complaint is good in substance. (Freeman on Judgments, § 267; *City of Los Angeles* v. *Mellus*, 59 Cal. 452; *Gilman* v. *Rives*, 10 Pet. 301; *Gerish* v. *Pratt*, 6 Minn. 61; *Lampen* v. *Kedgewin*, 1 Mod. 207; *Moore* v. *Dunn*, 41 Ohio St. 62; *Wells* v. *Moore*, 49 Mo. 229; *Gould* v. *Evansville etc. R. R. Co.*, 91 U. S. 526; Herman on Estoppel, § 274; *City of Aurora* v. *West*, 7 Wall. 82.) The cross-complaint differs from the complaint in the former action in that there are different allegations and a different cause of action is stated as hereinafter shown. By an examination of the opinion in the case of *Gould* v. *Evansville R. R. Co.*, 91 U. S. 526, relied upon by respondent in the court below, it will be noticed that the record showed that the judgment was rendered on a general demurrer and that the allegations of the second declaration did not differ from those of the first. The case is not analogous to the case at bar in any particular. Is the cause of action stated in the cross-complaint the same cause of action stated in the complaint in the former case? (*Terry* v. *Hammonds*, 47 Cal. 32.) The first cause of action was for specific performance, and for a trespass, while the second cause of action, or the cause of action under the cross-complaint, is a cause of action to quiet title, or, in other words, to have the deed of the one-

half interest which was made and given as security for the pay-ment of a debt declared a mortgage and canceled. (*Gassert* v. *Bogk*, 7 Mont. 585; *Kleinschmidt* v. *Kleinschmidt*, 9 Mont. 477.) In the one cause of action the defendant sets up an equitable title, and asks to have a specific performance of a contract to convey to him the legal title, while in the present action the defendant asserts the legal title to said property, and asks to have his legal title quieted.

The distinction between the two causes of action is this: In the one there was an absolute conveyance with a contract to reconvey, while in the other there was a conveyance which was in reality a mortgage. The fact that makes the convey-ance in the one case a mortgage is the existing indebtedness between the parties, and it is the nonexistence of the indebted-ness that makes the conveyance and the contract in the other case a contract to reconvey. (3 Pomeroy's Equity Jurisprudence, sec. 1195.) It thus appears that the two causes of action are different, and that they require different evidence to sustain them. Under these circumstances the causes of action in the cross-complaint is not *res judicata*. (Herman on Estoppel, §§ 102 and 106; Freeman on Judgments, § 252; 2 Black on Judgments, § 610; *Washington etc. Packet Co.* v. *Sickles*, 24 How. 333; *Linne* v. *Stout*, 44 Minn. 110; *Washington etc. Packet Co.* v. *Sickles*, 5 Wall. 580.) If two causes of action require different evidence to sustain them they cannot be the same. (*Norton* v. *Huxley*, 13 Gray, 285; Freeman on Judgments, § 259; Herman on Estoppel, § 96; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Clark* v. *Blair*, 14 Fed. Rep. 812; *Marsh* v. *Mas-terton*, 101 N. Y. 401.) It is claimed that this is not one of that class of cases where extrinsic evidence is admissible to show the judgment conclusive, which must be shown by the party seeking to avail himself of a judgment as a bar. The dis-tinction is drawn between judgments rendered upon issues of law and judgments rendered upon issues of facts. No cases are cited in which this distinction is recognized, and we believe none can be found. On the other hand, the case of *Griffin* v. *Seymore*, and other cases cited in our former brief, clearly show that no such distinction exists. (See, also, *Foster* v. " *The Richard Busteed*," 100 Mass. 409; 1 Am. Rep. 125; *Estep* v.

*Larsh,* 21 Ind. 190.) · It is also claimed that the judgment in the former case dismissed the complaint, and that as the case was an equity case, and the dismissal absolute, the judgment or decree is a bar to the present action.   In answer to this, it is sufficient to call the attention of the court to the record, which merely shows that judgment was ordered.   No judgment or decree is made a part of the record, and therefore it does not appear whether the judgment or decree, which was entered, dismissed the case absolutely or without prejudice, or at all. To support the contention of respondent, it is necessary for the court to indulge in the presumption that the judgment, which was entered, was a judgment dismissing the case absolutely. Such presumption is unwarranted. (Black on Judgments, § 115.)   If, however, the former case was dismissed absolutely, under the facts as they appear of record, such dismissal would not be a bar to the present action.   (*Chase's case,* 1 Bland's Ch. 206; 17 Am. Dec. 277; *Smith* v. *Auld,* 31 Kan. 262; *Foster* v. *"The Richard Busteed,"* 100 Mass. 409; 1 Am. Rep. 125; *Keeler* v. *Stolzenbach,* 20 Fed. Rep. 47; *Lore* v. *Truman,* 10 Ohio St. 45.)   It is also claimed that a judgment sustaining a demurrer upon grounds which go to the form rather than the substance is a bar to a future action.   This is not the law to-day.  (2 Black on Judgments, § 693; *Hughes* v. *United States,* 4 Wall. 232; *Terry* v. *Hammonds,* 47 Cal. 32; *Gray* v. *Dougherty,* 25 Cal. 266; *Lea* v. *Lea,* 99 Mass. 403; 96 Am. Dec. 772, and note.)   It is claimed that section 243 of the first division of the Compiled Statutes of Montana conclusively determines the question that the judgment relied upon as a bar was a judgment upon the merits.   Section 243 is the same as section 582 of the Code of Civil Procedure of California.   Notwithstanding this provision the courts of California have universally held that a judgment which does not go to the merits of an action, even though such judgment does not come within the provisions of the section preceding, is not such a judgment as will operate as a bar to a future action.  (*Gray* v. *Dougherty,* 25 Cal. 266; *Terry* v. *Hammonds,* 47 Cal. 32; *Ferrea* v. *Chabot,* 63 Cal. 554; *City of Los Angeles* v. *Mellus,* 59 Cal. 444.)

*Toole & Wallace,* for Respondent.

The complaint in the original case and cross-complaint, and answer thereto, in this case present exactly the same facts and comprise emphatically the same transactions and cause of action. The only difference being in the legal deduction made by the pleader, and particular relief demanded. The prayer for general relief being the same in both. When the same facts are thus pleaded, the rules of evidence being the same, the same evidence is of course admissible in both cases. Hence the same questions could have been litigated. (*Dunham* v. *Bower*, 77 N. Y. 76–79; 33 Am. Rep. 570; *Malloney* v. *Horan*, 49 N. Y. 111; 10 Am. Rep. 335; *Collins* v. *Bennett*, 46 N. Y. 490.) The formal relief demanded in the complaint or cross-complaint is not controlling in determining the nature of the action. Any relief may be had consistent with the facts pleaded. It necessarily follows that when the same facts are pleaded the same relief would be afforded. (*Hale* v. *Omaha Nat. Bank*, 49 N. Y. 626; Pomeroy's Remedies and Remedial Rights, § 580; *Bell* v. *Merrifield*, 109 N. Y. 210, 211; 4 Am. St. Rep. 436.) It being axiomatic that if the same facts are pleaded in both cases the same evidence was admissible and the same relief could have been had in either, there is but one question presented in this case worthy of consideration: Is a judgment upon a general and special demurrer, in an equity cause, conclusive as a bar as to all matters that might have been litigated upon the complaint in the action, or an amended complaint that might be properly filed therein. It is claimed that the court cannot determine from the record whether the demurrer was sustained upon the special grounds, the ones going to the merits of the action. This is not that class of cases where extrinsic evidence is admissible to show certain facts, making the judgment conclusive, which must be shown by the party seeking to avail himself of a judgment as a bar. If sustained upon either, it was the duty of the defendant to amend or correct the error, if any, upon appeal. If he fails to do this, the law fixes the effect of the judgment to be co-extensive with what might have been accomplished had that course been pursued. The former class of cases depend upon questions of fact which it became necessary to determine in the progress of

the trial, and which did not appear from the pleadings. The latter depends upon legal propositions raised by the demurrer and which might be obviated by amendment, or corrected on appeal, and upon which extrinsic evidence is inadmissible. No remedy is afforded by oral proof, for the reason that it became the duty of the defendants, if the demurrer was sustained for cause which was amendable, to amend; if on account of the error of the court in sustaining it, to appeal and correct the error, and if on formal matter, to have the judgment so state. If he does neither the presumptions are that no such reasons exist as will admit of amendment. Hence the rule must necessarily be different, the burden being upon the defendant in the first instance, his failure to act does not shift it to the plaintiff, but makes it conclusive against him. The judgment is based upon the defendant's failure to proceed further, and the grounds of demurrer cease to longer be important. If he desired to have the judgment such as would operate without prejudice to another action he should have acted accordingly, and had the ground upon which the demurrer was sustained stated. Tested by the rule invoked by appellant, if the grounds upon which the demurrer was sustained must be collected from the record, how does the case stand? Does the record show a *prima facie* case of estoppel or bar? If it does, it devolves upon defendant to rebut the presumption by showing that the judgment was rendered upon formal and not substantial causes. The demurrer was based upon three distinct grounds—Misjoinder of parties, misjoinder of causes of action, and insufficiency of the facts stated. We need not call the attention of the court to the practice so universal and so familiar to both bench and bar, that leave is given upon request to amend in either of the instances mentioned. The leave therefore given to amend, of itself, does not, in our judgment, in any manner suggest the ground upon which the demurrer was sustained, or the judgment rendered. To illustrate: If it was sustained as to a misjoinder of parties, none but those improperly joined could have taken advantage of it, and the demurrer would have been sustained as to them, and the case permitted to proceed as to the others. Hence the judgment would have been accordingly. We might, therefore, well contend, all intend-

ments being in favor of the regularity of the judgment, that it was not rendered upon that ground, but, on the contrary, that it was based upon grounds that warranted a recovery by all the defendants, which necessarily included those who were proper parties to the action; if it was, as in this case, rendered in favor of those properly joined, the presumption logically follows that it must have proceeded upon the assumption that no cause of action was stated against them. Besides, if law is a science, the presumptions would be that the judgment was not erroneous. If, to avoid a bar, it is necessary to conclude that there was error, this concession must certainly be based upon the fact that the error committed affirmatively appears. Assuming that defendant in the former action, standing as he did upon the judgment on the demurrer, had appealed, would not the court above pass upon all the grounds presented by it? It would assume that as the demurrer was sustained generally, that the lower court had passed upon it generally and not overruled it as to some of the causes stated. The same reason and inference are as applicable to the second ground of the demurrer. Being sustained generally it will be assumed that the objections were properly taken, so as to properly uphold the judgment. Had the court not sustained the demurrer generally, the presumptions are that it would have so stated. It stands like a general verdict when many issues are involved. It *prima facie* includes them all. It is claimed by appellant that the judgment could not have been rendered upon the third ground of the demurrer, because leave was given to amend. We do not think this is tenable. The practice in this state does not admit of such confusion. That leave is given to amend under such circumstances is a rule with which the court and the practitioner are familiar. To illustrate: Suppose A should sue B upon a contract which, among others, provided that after the performance of all the conditions upon A's part, and the delivery of a statement in writing with his signature thereto, B would at once execute to A a deed for certain premises. A brings a suit to compel the conveyance from B to him, but fails to allege the delivery of the instrument mentioned. B demurs to the complaint as not stating facts sufficient to constitute a cause of action, and the court sustains

the demurrer. A asks leave to amend, and leave is given. Is not this the usual practice in this state? Cannot A amend and set up the additional fact which shows a breach of the condition of the contract, places B in default, and gives rise to a cause of action? Is the fact that leave was given to amend presumptive of the grounds upon which the demurrer was sustained, in the one case any more than in the other? We respectfully submit that upon logical principles the presumptions are that the demurrer was sustained on the three grounds presented by it. In so far then as the leave to amend is concerned, it raises no presumption either the one way or the other under our practice and the rules of the courts. In the case at bar leave was given to amend, and this was his remedy. If, as claimed, the complaint may have been amendable, he refused to go further and amend, or else he was unable to so amend as to bring himself within the ruling of the court. At all events the judgment was based upon the ground that he would not or could not go further. In this the case at bar differs from all those cited by counsel for appellant. He cannot ignore the leave given to amend if he could, or consequences that result if he could not. Plaintiff could not amend without leave, he would not, or could not, amend with leave, and will not, after judgment, be permitted to maintain a second action without the judgment shows that it is without prejudice to another action, i. e., a leave to sue again. The judgment, therefore, in this case is based upon more than the ruling upon the question raised in the demurrer. It comprises a judgment upon the merits, and is to the effect that the defendant under the leave given could not, or would not, amend, the former importing that he had no cause of action, and the latter that he abandoned it, if he had. It is conclusive in either case, and is a bar to a second action based upon the same facts. In addition, therefore, to the elements involved in a judgment upon a demurrer, whether general or special, the judgment here comprises whatever follows by a failure to amend upon leave given therefor. The failure, under such circumstances, to amend must negative the presumption that he could amend, and if the law is as claimed, devolve upon him at least to prove *dehors* the record that he could. We emphati-

cally insist that in either event, whether he could amend, and would not or did not because he could not, the judgment is conclusive of the cause of action included in the former suit, and is a bar to the present. The judgment under such circumstances must conclude the contention. It cannot be reasonably presumed that the parties were still left in court, under the judgment rendered in the former suit, or that by it leave was given to again litigate the same facts tendered by it. Had the demurrer been overruled generally it would follow that none of the grounds presented by it was meritorious; having been sustained generally it will be assumed, at least until the contrary appears, that all the objections were well taken. Besides, according to the numerous decisions under the code, while the practice act controls, the principles applicable to causes in equity nevertheless prevail. Hence by analogy, the sustaining of the demurrer and the refusal of the complainant to go further in the former suit necessarily involves an abandonment by him, and is tantamount to a dismissal of the cause. We take it, therefore, that the principles of equity still adhere to the character of judgment thus rendered. That unless it would amount to a dismissal without prejudice it is a bar to a retrial of all the facts which were presented by the complaint. It is in effect a dismissal of the bill for want of merit acquiesced in by the complainant and without any reservation of his rights to further litigate the same questions which were presented. (Freeman on Judgments, § 270; *Foote* v. *Gibbs*, 1 Gray, 412; 2 Black on Judgments, p. 858, § 720; *Tankersly* v. *Pettis*, 71 Ala. 179.) If the party against whom a ruling is made on a demurrer wishes to avoid the effect of the demurrer as an admission of the facts in the pleadings demurred to, he should seek to amend his pleadings, or answer, as the case may be. Leave for that purpose will seldom be refused by the court upon a statement that he can controvert the facts by evidence which he can produce. If he does not ask for such permission the inference may justly be drawn that he is unable to produce the evidence, and that the fact is as alleged in the pleading. Courts are not established to determine what the law might be upon possible facts, but to adjust the rights of parties upon existing facts; and when their

jurisdiction is invoked parties will be presumed to represent in their pleading the actual, and not supposable, facts touching the matters in controversy. The law on this subject is well stated in Gould's Treatise of Pleading, chapter 9, part 1, section 2. (See, also, *Bouchard* v. *Dias*, 3 Denio, 238; *Coffin* v. *Knott*, 2 Greene, 582; 52 Am. Dec. 537; *Birckhead* v. *Brown*, 5 Sand. 134; *White* v. *Simonds*, 33 Vt. 178; 78 Am. Dec. 620.) It therefore follows that leave being given to amend if defendant could do so, his failure to amend, and judgment accordingly must be conclusive as to the facts stated, and also that he could not amend under the evidence at his command. This is also in accord with the doctrine announced in 2 Black on Judgments, page 849, section 710. (See, also, *Gould* v. *Evansville etc. R. R. Co.*, 91 U. S. 526.) In this case the court could not have supported the demurrer as to the misjoinder of the parties so as to render the judgment in favor of all the defendants, and not as to those which were not properly joined. (17 Am. & Eng. Ency. of Law, 608; *Horton* v. *Sledge*, 29 Ala. 478; *Bragg* v. *Patterson*, 85 Ala. 233; *Bloomingdale* v. *Durell*, 1 Idaho, 33; *Richtmyer* v. *Richtmyer*, 50 Barb. 55; *Brownson* v. *Gifford*, 8 How. Pr. 389; *Johnson* v. *Davis*, 7 Tex. 173; *Emmons* v. *Oldham*, 12 Tex. 18.) It necessarily follows, therefore, that in order to render a general judgment in favor of all the defendants the demurrer must be sustained upon such ground as will justify such a judgment. All the parties can join in that branch of the demurrer which makes an insufficient complaint grounds for a judgment on demurrer. The judgment will, therefore, be construed accordingly. (Hayne on New Trial and Appeal, §§ 284, 285.) The very object of the action being to get at the merits of the contention, and the organization of the courts, and the enactment of the laws, being in furtherance of that purpose, the presumptions are that the ruling was upon a point involving the merits unless by the terms of the judgment it is shown to be based upon formal matters. (*Bissell* v. *Spring Valley Township*, 124 U. S. 232.) So here under the demurrer the defendants admit all the facts set up in the former complaint. Leave was given to amend, and plaintiff in the case would not, or could not, do so. Judgment was rendered accordingly, which must be construed

to be coextensive with the admission and become a bar in so far as the sufficiency of those particular facts are concerned. These identical facts constitute the cause of defense here, involve the same transaction, and the sufficiency of them will not be reheard except on appeal. (*Oregonian Ry. Co.* v. *Oregon Ry. and Nav. Co.*, 27 Fed. Rep. 283.) The case of *People* v. *Stephens*, 51 How. Pr. 235 et seq., among others, presents the precise question, and emphatically determines the same in favor of the position contended for by the respondent. In that case, like this, the demurrer was based upon three grounds: The misjoinder of parties defendant, misjoinder of causes of action, and an insufficiency of the facts pleaded; the court sustained it generally, and rendered a general judgment upon such ruling; a second action was instituted, and the judgment pleaded as a bar; it was contended, as it is here contended, that the presumptions were that the judgment was based upon the grounds of misjoinder and not upon the sufficiency of the facts alleged, and the court emphatically decides that the presumptions are that the judgment was based upon the latter. In deciding the question the court says: "The judgment of a court of competent jurisdiction upon a question directly at issue between parties, unless reversed, forever concludes and estops all parties to the action and those in privity with them from questioning its accuracy or justice in another action. In support of the principles announced in the foregoing opinion, we cite: *House* v. *Mullen*, 22 Wall. 42; *Bouchaud* v. *Dias*, 3 Denio, 238; *White* v. *Simonds*, 33 Vt. 178; 78 Am. Dec. 620; *Foote* v. *Gibbs*, 1 Gray, 412; *Jennison* v. *Inhabitants, etc.*, 13 Gray, 544; *Day* v. *Vallette*, 25 Ind. 42; 87 Am. Dec. 353; *Champion* v. *Plymouth Con. Society*, 42 Barb. 441; *Burwell* v. *Knight*, 51 Barb. 267; *Yonkers etc. Ins. Co.* v. *Bishop*, 1 Daly, 449; *Sheldon* v. *Edwards*, 35 N. Y. 279. It is claimed that the plea of a former adjudication as a bar cannot be established by inferences and presumption, but must be supported by positive evidence. While this may be true with reference to questions of fact, which may easily arise where the issue is to be determined upon extrinsic testimony, it cannot have any application where the presumptions are to be gained from the record, where the judgment is pleaded as a

technical bar.  In the latter case, as shown by the authorities cited by the appellant (*Griffin* v. *Seymour*, 15 Iowa, 30, 83 Am. Dec. 396, and *Bissell* v. *Spring Valley etc.*, 134 U. S. 225), the court determines the question upon the presumptions that arise from the record before it.  While, in the former, evidence outside the record is introduced to show what was actually tried, it is claimed by appellant that the cause of action stated in the former suit is not identical with the cause of action set up in the answer and cross-complaint in this suit. Here, precisely the same instruments comprised the cause of action, and the only difference is the interpretation put upon them by the pleader.  He now claims under the deed and conveyance, and construes it a mortgage instead of an agreement to reconvey.  These are bare legal deductions, while the court could afford any relief consistent with the facts pleaded. (Pomeroy's Remedies and Remedial Rights, § 580.)  If the instruments which are construed a mortgage are based upon an actual conveyance by deed of the legal title to the mortgagee, and a separate defeasance from the mortgagee to the mortgagor, it necessarily follows, that, upon a tender of the amount due upon the mortgage, it would become the duty of the mortgagee to reconvey the legal title thus conferred by the deed to him.  And this was precisely what was asked in the former case, and would lead to precisely the same results in the case at bar.  We may further add, in conclusion, that if the answer and cross-complaint are based upon the same facts which existed and were stated in the former complaint, that the same evidence is admissible in the latter, and the same relief may be had.  (*Walker* v. *Tiffin Gold etc. Min. Co.*, 2 Col. 89; *Graham* v. *Stevens*, 34 Vt. 166; 80 Am. Dec. 675; Jones on Mortgages, § 244.)  Again the provisions of our statute, section 243, that every judgment, whether upon demurrer or otherwise, is made a judgment upon the merits, except those mentioned in section 242, ought to be conclusive of this question.

HARWOOD, J.—Defendant having alleged in his cross-complaint those contracts and transactions concerning the land in controversy, shown in the above statement of the case, demanding affirmative relief, plaintiff set up in bar thereof the com-

plaint of defendant in an action which he commenced in 1883; wherein he alleged substantially the same facts, and demanded substantially the same relief, as in his cross-complaint in the present action. To which complaint in the defendant's action in 1883 demurrer was interposed and sustained, and no further action was taken therein. And the plaintiff here, who was one of the defendants in the action of 1883, avers that he has succeeded to the rights of all the other defendants in that action. Wherefore, he insists, that, by said proceedings in the former action, the right, title, and equity claimed by Binzel, defendant here, in and to the property in controversy, has "been adjudicated and determined, by reason whereof he is estopped from asserting his pretended claim to said property." In this position plaintiff was sustained by the ruling of the trial court.

Appellant has made some attempt to point out differences or distinctions between the complaint of Binzel in the action of 1883 and his cross-complaint in the present action. But a careful comparison of these pleadings we think discloses a substantial similarity in the facts alleged and relief sought; with this exception, that the complaint of 1883 went further than the cross-complaint in this action, and contained allegations in reference to an alleged copartnership compact engaged in between Binzel and certain of those defendants, and a violation thereof, and other grievances, for which he demanded a large amount of damages. As to those matters the cross-complaint in the present action is silent. But in so far as it goes in alleging the contracts and facts, on which Binzel claims rights of ownership and possession in and to the tract of land in controversy, the cross-complaint to this action is substantially the same as his complaint of 1883 on that branch of the case.

The authorities support the proposition urged by respondent that if the alleged cause of action is submitted on the merits by demurrer, admitting the facts alleged, but placing over against them in the judicial scale, the proposition of law that the facts pleaded and thus admitted are insufficient to warrant judgment in favor of the pleader; and upon due weighing of the law and the facts, those facts are adjudged insufficient by sustaining the demurrer, and this ruling is allowed to stand; those facts thereby pass under the rule of *things adjudicated;*

and the party against whom such adjudication proceeds, as well as his privies and representatives, are thereby barred from again asserting the same facts in another action pertaining to the subject as effectually as though such facts were found from the proof or admitted *ore tenus* in the course of the trial. Such appears to be the rule deducible from the authorities, without much conflict. (*Gould* v. *Evansville etc. R. R. Co.,* 91 U. S. 526; *Bissell* v. *Spring Valley,* 124 U. S. 225; *Griffin* v. *Seymour,* 15 Iowa, 30; 85 Am. Dec. 396; *Robinson* v. *Howard,* 5 Cal. 429; *Bouchaud* v. *Dias,* 3 Denio, 238; *People* v. *Stephen,* 51 How. Pr. 235.)

But this rule should always be stated and applied with due regard to some modifying conditions, which it is not permitted to violate. Thus, when the pleader has submitted to the ruling of the court on demurrer, against the sufficiency of the cause of action or defense, as stated, that ruling would not bar him or those in privity with him from again asserting the same facts, accompanied by additional allegations which complete the statement of a good cause of action or defense. (*Gould* v. *Evansville etc. R. R. Co.,* 91 U. S. 526.) Nor where an action is commenced to effectuate a certain purpose—such as specific performance or to obtain injunction—and demurrer is interposed and sustained on the ground that the complaint does not show facts sufficient for such action—that is, to invoke such relief—such ruling would be no bar to an action for the proper remedy. It being pointed out in the consideration of such demurrer that, although the plaintiff, for instance, alleges an agreement for the sale and purchase of a piece of real property, and payment of part, or even all, of the purchase price, and the breach of such agreement by the vendor; still, if no other equities were shown, the court would hold that the complaint, while good for damages, is indeed insufficient to support a decree for specific performance (*Boulder Valley etc. Co.* v. *Farnham,* 12 Mont. 1), and would therefore sustain the demurrer. It may be said that this would be on the ground of want of jurisdiction. But that arises because of insufficient showing of facts to support the relief asked. The pleader would have mistaken his remedy, and, under a system where courts of law and equity were separate, the demurrer in such

cases would prevail, and the party be remitted to the proper court and action for redress. And under our united jurisprudence, where equitable and legal remedies are administered in the same court, and frequently in the same action, the demurrer in such a case, as instanced, would undoubtedly prevail, because the relief asked could not be granted on the facts stated; and although the court might have jurisdiction under our united system to grant other relief, it would probably not be forced upon the plaintiff until he had shaped his action to that end. But when he came into court with his suit for damages, it would be found that he pleaded the same transaction and breach whereby he would allege he was damaged in a certain sum, for which he would ask judgment. Likewise, if the action was commenced prematurely, as appeared on the face of the complaint, it would be held insufficient on demurrer for that cause. (*Shelden* v. *Edwards*, 35 N. Y. 286.) If it were held, in such cases, that the order sustaining the demurrer devitalized the facts first pleaded, it would prevent setting up those facts in another action, at the proper time, or in the proper form, and for available relief. So it is said by eminent authority in considering these conditions: "If the first suit was dismissed for defect of the pleadings, or parties, or a misconception of the form of proceedings, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment will prove no bar to another suit." (*Hughes* v. *United States*, 4 Wall. 232.)

It is clear, however, that defendant's cross-complaint falls within the rule, and not the exception. He has in the case at bar reasserted substantially the same facts as in complaint of 1883, with no additional matter; and he asks substantially the same character of relief. Demurrer was sustained to his complaint, and that ruling stands in force. Therefore, if we had no further point for consideration, we should, without hesitation, affirm the ruling of the trial court, that the matter pleaded in the cross-complaint is *res adjudicata*, and therefore barred. But before proceeding to that conclusion, it must be inquired whether it is shown that the demurrer to Binzel's complaint of 1883 was sustained on consideration of the merits; for the authorities harmoniously concur in the propo-

sition that it must clearly appear from the record in the former case, or be proved by competent extraneous evidence, that the matter as to which the rule of *res adjudicata* is invoked as a bar was in fact adjudicated in the former action.

Upon this point it is said by Mr. Justice Nelson, in *Packet Co.* v. *Sickles*, 5 Wall. 592.

"As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive, *per se*, it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined—that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; and further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded."

And again, in the case of *Russell* v. *Place*, 94 U. S. 608, Mr. Justice Field, in expressing the opinion of the court, observes:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered, the whole subject matter of

the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.

"Thus, in the case of the *Washington etc. Steam Packet Co.* v. *Sickles,* 24 How. 333, a verdict and judgment for the plaintiff in a prior action against the same defendant on a declaration, containing a special count on a contract, and the common counts, was held by this court not to be conclusive of the existence and validity of the contract set forth in the special count, because the verdict might have been rendered without reference to that count, and only upon the common counts. Extrinsic evidence showing the fact to have been otherwise was necessary to render the judgment an estoppel upon those points.

"When the same case was before this court the second time (*Packet Co.* v. *Sickles,* 5 Wall. 580), the general rule with respect to the conclusiveness of a verdict and judgment in a former suit between the same parties, when the judgment is used in pleading as an estoppel, or is relied upon as evidence, was stated to be substantially this: That, to render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined—that is, that the verdict in the suit could not have been rendered without deciding that matter, or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter."

Announcements to the same effect could be drawn from many other cases of undoubted authority. (See *Hughes* v. *United States,* 4 Wall. 232; *Lore* v. *Truman,* 10 Ohio St. 53 *Estep* v. *Larsh,* 21 Ind. 196; *Keller* v. *Stolzenbach,* 20 Fed. Rep. 47; *Woodland* v. *Newhall,* 31 Fed. Rep. 434; *Dygert* v. *Dygert,* 4 Ind. App. 276.)

Now it appears that the demurrer in the former action specified eight objections to the complaint, but the same may be properly consolidated into three statutory grounds of demurrer,

namely: 1. Want of sufficient facts alleged to constitute a cause of action; 2. Misjoinder of causes of action; 3. Misjoinder of parties defendant. The other nominal objections are merely specifications of particulars in which the complaint is wanting or defective on some of those grounds. The record does not disclose the particular ground upon which the court sustained the demurrer. As to that ruling it is recorded that the demurrer was sustained by the court. But respondent's counsel insists that from the general order sustaining the demurrer, the presumption follows, that it was sustained on all the grounds alleged against the complaint in the demurrer. This view, although urged by an admirable argument contained in respondent's brief, and sought to be supported by citations of authority, we think cannot be maintained, because it is contrary to reason, and the rule of law upon this subject, sustained by the great weight of authority. The case of *People* v. *Stevens*, 51 How. Pr. 235, among others cited by respondent in support of the presumption which he contends for, appears to be the nearest in point. It is a New York decision, not of the last resort, but of the supreme court, general term. The demurrer under consideration in that case went to three grounds: Defect of parties; improper joinder of causes; and want of sufficient facts alleged to constitute a cause of action. The demurrer was sustained by a general order, not showing whether upon one or more of the alleged grounds of objection to the complaint. When this judgment was pleaded in bar of setting up the same facts in another action, it was insisted that the demurrer in the former action was sustained upon all the grounds of the objection stated therein. In considering that proposition the court said:

"It was according to the order and judgment, 'the demurrer,' which came on for argument at the special term, and it was 'upon the demurrer' that the judgment in favor of defendant was given. It was sustained, not in part, but as a whole, and that could only be done by reaching a conclusion unfavorable to the plaintiffs upon every issue which it presented."

With due deference, we are unable to adopt or follow that holding. It seems to us, a moment's reflection suffices to

show that the conclusion there stated contradicts the real state of the law, as well as the constant practice of the courts.   It is well known that if either ground of the demurrer is sustained, that is sufficient to support the order sustaining the demurrer.   How, then, could it be affirmed that the demurrer could only be sustained "by reaching a conclusion unfavorable to the plaintiffs upon every issue which it presented."   That untenable conclusion is reached by arbitrarily declaring that the demurrer was sustained as a whole, when the same order could have been made on finding only one objection well founded.   It would seem as proper to presume from the fact that several shots were fired by one person at another, either of which taking effect in a vital spot would produce death, and death ensued, that every shot hit the mark with fatal effect, and so hold without any further showing.

There is a presumption following a judgment that those things were adjudicated, without which the judgment could not have been rendered.   This proposition is frequently asserted in the authorities, and is well founded, because it is an inherent implication that those things were considered and determined, without which the ultimate conclusion would not have been announced.   This implication shows that the court, in sustaining the demurrer, held some one of the grounds fatal to the complaint, stated in the demurrer, well founded; for without such finding the ultimate conclusion that the demurrer be sustained would not have been announced by the court. But this is not sufficient to maintain respondent's position. To support that position the presumption must go farther, and cover the broad proposition that by a ruling sustaining a demurrer which attacks the complaint by several fatal objections it must be presumed that the court adjudicated and held good all the grounds which the demurrer set forth.   This proves too much, and thereby weakens the proposition so that it falls of its own untenable weight.   Because from that presumption it follows that where the complaint is demurred to on several grounds, such as misjoinder of causes, and also misjoinder of parties, and want of sufficient facts to constitute a cause of action, as in the case of the demurrer to Binzel's complaint of 1883, if the court adjudicated and determined every

ground unfavorable to the plaintiff, it proves that the court, while holding that the case was not in court in proper form of action, but contained a misjoinder of causes which could not be lawfully adjudicated together, and also a misjoinder of parties defendant contrary to the provisions of law, nevertheless, being aware that the case was not properly before it, the court determined to hold the case fast in its grasp, and pass upon the merits. Such is the inevitable effect of presuming, from the order merely sustaining such a demurrer, that the court passed upon and sustained all the grounds the demurrer alleged. The impropriety of such action seems plain, and we therefore think the current of presumption is the other way, as directly held by the supreme court of Iowa, in *Griffin* v. *Seymour*, 15 Iowa, 30, 83 Am. Dec. 396, where it was held that in such a case it would be presumed that the court, having found some formal defect, by reason of which the case was not properly in court, would not then proceed to consider and pass upon the merits. This is also in accord with the reasoning and conclusion of a great number of cases (some of which have been cited *supra*), that it must be clearly shown that the very matter as to which the bar of *res adjudicata* is invoked was adjudicated and determined on the merits in the former action. That it is not enough that such matter was attempted to be drawn in question if the same decision could have been rendered without its adjudication; that is, if its adjudication is not inherently implied in the judgment, it will not be held barred unless the record is supplemented by extraneous proof to the effect that such matter was adjudicated. The very rule that such evidence may be introduced in its tendency contradicts the idea that the uncertainty will be covered by presumption.

The application of the presumption contended for by respondent would, we think, frequently contradict or suppress the real fact with unjust consequences. Suppose a complaint is filed which is subject to the objection of misjoinder, or defect of parties, or improper joinder of causes of action. And, a demurrer having stated these grounds, also alleges the untenable ground of insufficient facts to constitute a cause of action. Now, the court, in considering the demurrer, would find one of the first mentioned objections well founded. But as to the

latter objection the court would either not consider it at all, because the case was not properly in court, or if the court did consider that objection, it would be found untenable. But for the other defects the demurrer would be sustained. Thereupon an order would be entered to the effect that the demurrer is sustained. The defect fully supports that order, and we venture that in a great majority of cases in our practice, where the demurrer is used with great frequency, no more specific order would be entered. In such a case, if the plaintiff and his counsel who attended the argument concluded the court was right in its ruling on the demurrer, because there was a misjoinder, or defect, of parties, or an improper union of causes, they would not appeal, for the appeal would be unavailing. Now, if the presumption for which respondent contends be established, the plaintiff in such a case would be barred from setting up those facts in another action against the same parties, or some of them, or their privies, free from the former defects, while as a matter of fact the former ruling did not touch the merits. It is said that in such a case it is the plaintiff's duty to see that the entry in the record specifies the ground on which the former ruling was made, or that it was made without prejudice to another action, and a case is cited in support of that view. (*Foote* v. *Gibbs*, 1 Gray, 412.) It may well be answered that, the time has come when it is not considered altogether amiss to claim some duties as due from the court toward litigants; and one should be to so shape the entry of court rulings in its record as not to raise unjust and untrue implications against the suitor, of which he is not the author, to burden or defeat his effort to obtain justice. Of course no such thing would be done knowingly, but it would arise in many cases where demurrers are sustained by general order, if the presumption contended for prevailed. And in the multitude of rulings which the trial judge is called upon to make he does not always expound the grounds thereof, nor, if expounded, would they be noted in the record. In the case last above cited it was held that where a cause was dismissed, and the entry of the order showed no qualification, as that it was dismissed "without prejudice," it would be presumed to have been dismissed on the merits. This ruling, however,

would hardly apply under our code. (Comp. Stats., § 242.) Moreover, in a later case (*Foster* v. "*The Richard Busteed*," 100 Mass. 412, 1 Am. Rep. 125), the supreme court of Massachusetts cites, but does not follow, *Foote* v. *Gibbs*, 1 Gray, 412, as correctly announcing the rule of procedure applicable to the conditions mentioned; and likewise did Judge Brewer in *Smith* v. *Auld*, 31 Kan. 262. (See, also, to the same effect, the case of *Steam Gauge & Lantern Co.* v. *Meyrose*, 27 Fed. Rep. 213.) It is further insisted that section 243 of Code of Civil Procedure makes it obligatory to render judgment on the merits in all other cases than those stated in the five subdivisions of the preceding section. The context, the whole chapter of which that section is a part, shows that section 243 relates to the case at a stage beyond the formation of the pleadings, where it stands for consideration and judgment on the merits, unless it is dismissed or nonsuited. The interpretation and application of that section, according to respondent's contention, would make a judgment or order on demurrer conclude the merits, even if the demurrer stated no ground which went to the merits, because such a case would be "other than those mentioned in section 242." We think it clear that the provisions of section 243 do not apply to this consideration.

It follows that the order sustaining the demurrer to Binzel's complaint of 1838 might have been based upon defects not touching the merits, and it not having been shown that such judgment proceeded upon a consideration of the merits, the ruling of the trial court holding that the facts set up in the cross-complaint were adjudicated in the proceedings of 1883 cannot be sustained. The judgment in this action is therefore reversed, and the cause remanded to be proceeded with in conformity to the views herein expressed.

*Reversed.*

PEMBERTON, C. J. and DE WITT, J., concur.