SANFORD, RESPONDENT, *v.* GATES, ET AL., APPELLANTS.

[Submitted June 10, 1896. Decided June 22, 1896.]

REPLEVIN—*Sufficiency of defense—Fraud and deceit.*—It is a good defense to an action for the possession of personal property, which had been delivered to defendants under a written contract whereby the title remained in the vendor until all the installments of the purchase price were paid, that the real contract between the parties was that defendants should pay the amount remaining due from one to whom the property had been originally delivered and who had transferred his interest therein to defendants; that it was fraudulently represented by such party and plaintiff that the sum of $649 remained due upon the purchase price, whereas but $449 was due; that defendants executed said contract believing the representations to be true, and being without means of knowledge to the contrary, and that the sum of $449 had been paid in full whereby defendants were entitled to the property.

CONTRACTS—*Rights of assignee—Fraud.*—The assignee of a contract may set up fraud in the contract as executed, and rely upon the real contract.

*Appeal from First Judicial District, Lewis and Clarke County.*

REPLEVIN. Judgment was rendered for the plaintiff below. by BUCK, J.

Statement of the case by the justice delivering the opinion.

Defendants appeal from a judgment rendered in favor of plaintiff upon the sustaining of plaintiff's demurrer to the answer. The action is replevin.

Plaintiff sets up in his complaint that he is the owner and entitled to the possession of personal property, to wit, certain hotel furniture, of the value of $649.06, and that the same is unlawfully withheld by the defendants, and that his title is based upon a written contract, which he pleads in full; that the furniture was delivered to the defendant Gates, Townsend & Co., under said contract; and that the interest of said company was afterwards assigned to the defendant Florence K. Gates. The contract was in the nature of a lease, by which the possession was delivered to the defendant, the title remaining in the plaintiff until the property was fully paid for, the defendant paying for it in monthly installments, which were called "rent;" the title to pass to the defendant when all of the said rent was paid. The defendant had paid all of the installments except the last $200, with $5 interest on the same. The defendant has not paid this last $200, or interest thereon. An installment of $50 of this amount had matured, and, under the terms of the contract, plaintiff is entitled to possession of the goods. These allegations all appear in the complaint.

The defendants' answer sets up what they claim to be an equitable defense. They allege : That, at and before the execution of the contract referred to, one Rohrbaugh was leasing from the defendant company the Grandon Hotel; and that Rohrbaugh had in his possession, under some agreement with the plaintiff, the property mentioned in the complaint, said property being used in the hotel as part of the furniture. When the agreement mentioned in the complaint was executed, Rohrbaugh was indebted to the company in the sum of $1,800, and was insolvent, and unable to pay the company except by transferring to it the interest which he had in the said personal property. There was at that time due from said Rohrbaugh to the plaintiff, on said personal property, the sum of $449.06; and plaintiff well knew of the indebtedness of Rohrbaugh to the company and also knew of Rohrbaugh's insolvency. That, in fact, the defendant company agreed to execute to plaintiff a contract to pay plaintiff whatever amount was due from Rohrbaugh to plaintiff on the furniture, and thus become the owner

of the property. That plaintiff and Rohrbaugh conspired together to defraud the defendant company, and, in pursuance to said conspiracy, fraudulently represented to the defendant company that there was due from Rohrbaugh to plaintiff, upon such property, the sum of $649.06, instead of the real sum of $449.06, which latter sum was the amount which it was in fact agreed that the defendant company should pay to the plaintiff in order to obtain title to the property. That the defendant company relied upon said fraudulent representations, and had no knowledge or means of knowledge or information to the contrary, and believed said representations to be true, and executed the contract to pay $649.06, which contract was so obtained by the said fraud and deceit; and that the said contract is null and void. That the defendants, before the commencement of the action, had paid in full the sum of $449.06, which was the whole amount due from Rohrbaugh upon the property; and that, by reason of said payment, they are entitled to the possession of the property.

To this answer a demurrer was filed, upon two grounds, viz : First, that the answer does not state facts sufficient to constitute a defense to the plaintiff's cause of action; and, second, that Rohrbaugh is a necessary party to any bill or complaint seeking relief from the acts set out in the pretended equitable defense in the answer. This demurrer was sustained, and judgment entered for plaintiff. The defendants appeal.

*Toole & Wallace*, for Appellants.

*T. J. Walsh*, for Respondent.

DE WITT, J.—The record does not disclose upon which ground the demurrer was sustained. Appellants argue that it must be presumed that it was sustained upon the formal ground, to-wit, the second one set out in the demurrer, and cite *Kleinschmidt* v. *Binzel*, 14 Mont. 31. But this is not important, for the second ground of the demurrer to the answer is not one allowed by the Code. (Code Civil Procedure, 1887, §§ 92–94.)

We therefore proceed to the question of whether the answer sets up facts sufficient to constitute a defense. The argument of the respondent has taken a wider range than we think the pleadings justify. Indeed, we are of opinion that the position of the appellants is a very simple one, and is wholly correct. Respondent's counsel argues with his accustomed zeal that the matter set up in the answer cannot be a counterclaim to an action of replevin. But we think that such matter is a defense. It is called a "defense," and set up as such in the answer. The complaint alleges ownership and right of possession of personal property. If the answer sets up facts which deny the ownership and right of possession, the defense is good. We are of opinion that it does set up such facts. In our view, a plain statement of the defense is simply this : The plaintiff relied upon a written contract to establish his right of possession to the property. The defendants allege, very much in detail, that the contract was obtained from them by fraud and deceit sufficient to avoid its obligation. Then they set up in their answer that the real contract between plaintiff and defendants was wholly different from that pleaded in the complaint; the contract in the complaint being for the payment of $649.06 in order to give the defendants title to the property, whereas the real contract between plaintiff and defendants was, in fact, that defendants should pay $449.06, which payment was to give them full title to the property, and which payment they pleaded had been fully made. If these facts are true,—and, on demurrer, they are taken to be true,— the defendants have fully completed the actual contract between the company and plaintiff; and, having fully performed the actual contract, the defendant company is entitled to the property, and the plaintiff is not.

The original contractor with the plaintiff was Gates, Townsend & Co. The company has assigned its rights to the other defendant, Florence K. Gates. We know of no reason why the assignee, Florence K. Gates, may not set up the fraud in the original contract, and rely upon the real contract for the rights which it appears were assigned to her.

The judgment is reversed, and the case remanded, with instructions to overrule the demurrer.

*Reversed.*

HUNT, J., concurs.   PEMBERTON, C. J., absent.