[In Bank. — November 5, 1883.]

L. L. PAULSON, APPELLANT, *v.* MATHEW NUNAN, RESPONDENT.

FINDINGS. — A conclusion of law cannot be regarded as a finding of fact.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The complaint was in the ordinary form for the recovery of two horses. The answer justifies the taking by the defendant, as sheriff, under writs of attachment followed by judgments. Plaintiff claimed the property as exempt under section 690, subd. 6, Code of Civil Procedure, and introduced evidence tending to show that he was a peddler or truckster, and habitually made his living as such. The only finding in regard to the

exemption was as follows: "That the property was not exempt from levy and sale under attachment or execution."

*B. S. Brooks*, and *Wm. Leviston*, for Appellant.

*Clitus Barbour*, for Respondent.

ROSS, J. — The complaint is in the usual form for the recovery of two horses. The answer justifies the taking by the defendant as sheriff under certain stated writs. Plaintiff claimed the property as exempt under the sixth subdivision of section 690 of the Code of Civil Procedure, and introduced evidence tending to show that he was a peddler and habitually earned his living by the use of the horses. When the case was last here (54 Cal. 123) it was held that the question as to whether the plaintiff was or was not a peddler, habitually earning his living by the use of the horses, was a material issue in the case, upon which there was then no finding, and there is none now. For the same reason that the case was then reversed and sent back for a new trial, it must be reversed and sent back now. The finding that is now relied on as determining that question was then regarded as but a conclusion of law, and it must be so regarded now.

Judgment and order reversed and cause remanded for a new trial.

MORRISON, C. J., MYRICK, J., McKINSTRY, J., SHARP-STEIN, J., and THORNTON, J., concurred.