GASSERT, RESPONDENT, *v.* BLACK ET AL., APPELLANTS.

[Submitted March 18, 1896. Decided March 23, 1896.]

RES JUDICATA—*Mortgages—Foreclosure—Equitable defenses.*—Where the defendants in an action to foreclose a mortgage for default in interest, interposed several defenses, one of which was that by reason of a mutual mistake in the mortgage, foreclosure for nonpayment of annual interest was authorized, which was not the intent of the parties whereby the action was prematurely brought, and the jury found for the defendants upon that issue alone, and were instructed that if they did so find they need go no further in the case, the judgment rendered thereupon is not *res judicata* as to the other equitable defenses in a subsequent action brought to foreclose the mortgage upon full maturity of the debt. (*Kleinschmidt* v. *Binzel*, 14 Mont. 31, cited.)

MORTGAGES—*Foreclosure—Pleading.*—A determination that a mortgage did not express the intention of the parties in authorizing foreclosure upon default in interest, and that the action was therefore premature, does not require a subsequent action, instituted upon the maturity of the entire debt, to be brought as upon a reformed mortgage.

APPEAL—*Error—Evidence.*—Possible error in the admission and exclusion of testimony as to assays of ores, is not ground for reversal where the value of the ores was considered by the jury and their finding upon the matter was not attacked. (*Merchant's National Bank* v. *Greenhood*, 16 Mont. 395, cited.)

*Appeal from Sixth Judicial District, Park County.*

FORECLOSURE of mortgage. Judgment was rendered for the plaintiff below by HENRY, J. Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff obtained judgment against the defendants for $13,334 upon a promissory note, and also for the foreclosure

of a mortgage·upon certain real estate, given by the defendants to secure said note.   A better view of the facts of the case will be obtained by referring to the case of *Gassert* v. *Black*, 11 Mont. 185.   In that case the plaintiff herein brought action against the defendants herein upon the same note and to foreclose the same mortgage.   In that case the appeal was taken by defendants from a judgment rendered in favor of plaintiff upon the sustaining of plaintiff's demurrer to the answer and cross complaint of defendants.   The statement of the case in the former decision gives a very full view of the defense set up in that case.   We there held that the defense stated was sufficient, and sent the case back to trial.   After *remittitur* filed in the district court, the plaintiff filed a reply, and upon that reply, together with the pleadings described in 11 Mont. 185, the case was tried.   It is to be observed that equitable defenses were set up against the action on the note. Upon that trial the court submitted nine findings.   Those findings covered the equity issues made by defendants' answer. One of these defenses was that there was a mutual mistake in the execution of the mortgage, and that, while the mortgage provided that if the interest for any year were not paid the whole mortgage should be at once due, in truth and in fact the real agreement between the parties was not that the default in a year's interest should cause the whole principal debt to be due.   The defense upon which the action was determined was that it was prematurely brought, in that the mortgage did not express the real intent of the parties and that, when the real intent was ascertained, the mortgage would not then be due. The note was a four-year note, dated December 9, 1888.   The old action (11 Mont.) was commenced just after the default in paying the interest on December 9, 1889.

The three first findings, with their answers, submitted on the trial of the old case were as follows :

" (1) Does the note and mortgage express the intention of the parties at the time it was executed ?   Answer.   No.

" (2) Was there any mistake in the execution of the mort-

gage in authorizing its foreclosure upon nonpayment of the annual interest? Answer. Yes.

" (3) If your answer to the foregoing interrogatory be in the affirmative, was such mistake in the execution of such mortgage mutual? Answer. Yes."

When submitting these findings 1, 2 and 3, the court, before submitting the further findings, instructed the jury as follows: "If your answers to the two last foregoing interrogatories be in the affirmative and the first in the negative, you need go no further in your investigations, but will return your verdict accordingly."

On that trial the jury also found a general verdict, in which they said: "We, the jury in the above-entitled action, find the issues for the defendants." That was the end of that case. Nothing further occurred until the expiration of the four-year term of the note. Then the plaintiff commenced the action now at bar, asking for judgment on the note, with interest and costs, and the foreclosure of the mortgage. The defendants set up the same equitable defenses as they pleaded in their answer in the former case (see statement 11 Mont. 185) except the defense of nonmaturity of the debt.

Judgment in this case was rendered as prayed for by plaintiff. The defendants moved for a new trial, which was denied. From that order, and the judgment, they appeal.

*Toole & Wallace* and *Hartman & Hartman*, for Appellants.

On the question of *res judicata* we submit that the jury having been instructed fully upon every issue in the former case, and having found the issues for the defendants, and this finding having been incorporated into the judgment of the court, and the court having rendered judgment for the defendants for costs, that the issues thus decided for the defendants could not be again litigated in the case at bar. (*Griffin* v. *Long Island R. Co.*, 102 N. Y. 449, citing *Pray* v. *Hegeman*, 98 N. Y. 351; *Jordan* v. *Van Epps*, 85 *Id.* 427, 436; *Smith* v. *Smith*, 79 *Id.* 634; *Clemens* v. *Clemens*, 37 *Id.* 59, 74. See, also, *Bigelow* v. *Winsor*, 1 Gray 299; *Vail* v. *Rinehart*, 105

Ind. 6, citing *Fischli* v. *Fischli,* 1 Blackf. 360; *Richardson* v. *Jones,* 58 Ind. 240; *Elwood* v. *Beymer,* 100 Ind. 504; *Bailey* v. *Bailey,* 115 Ill. 551, citing *Rodgers* v. *Higgins,* 57 Ill. 244; *Patrick* v. *Shaffer,* 94 N. Y. 423, citing *Kerr* v. *Hayes,* 35 N. Y. 331; *Wilder* v. *Case,* 16 Wend. 483; *Cromwell* v. *County of Sac,* 94 U. S. 351.) In short, the general rule seems to be that if it is desired to avoid barring any issues which might be raised in a subsequent case, care should be taken to have the court or jury render a verdict only upon the issues particularly involved, and not give a general verdict. If a case includes a variety of issues which are submitted to the jury at the trial, with sufficient evidence to establish them, it will be *prima facie* proof, that all these issues have been determined and included in, and concluded by the verdict, if such a verdict is a general one, which presumably covers every point involved in the case. (21 Am. & Eng. Ency. of Law, page 200 b. and citations.) We submit that the record in this case, shows that it comes within the above authorities and that, therefore, the judgment roll in the case commenced Dec. 24th, 1889, should have been admitted in evidence in bar of this action, for clearly that case, in which the judgment was rendered for the defendants, included a variety of issues, all of which were submitted to the jury at the trial, with sufficient evidence to establish them, and therefore those issues were included in, and concluded by the verdict of that jury, which was a general one, and which presumably covered every point involved in the case. And every issue which was submitted to the jury in the former case, and upon which they were instructed by the court, was contained in the pleadings in this case, submitted to the jury, and instructed upon by the court.

*Savage & Day* and *A. J. Campbell,* for Respondent.

The record offered shows that there were before the court on the former trial two kinds of issues, one upon the merits, which are the same as those in issue in this action, the other a

jurisdictional or technical question. If the mortgage was, according to the understanding of the parties, not to be foreclosed for nonpayment of interest prior to the maturity of the principal debt, then the court had no jurisdiction to determine the other issues—the action was prematurely brought for the reason that the debt to secure which the mortgage had been given was not yet due, and the other issues were not litigated and could not have been litigated, in the sense in which the word is used, although evidence in support of them was presented to the jury. In order to bar the plaintiff's claim it must appear that he had a legal right to bring his action therefor when his suit was brought and that, in the litigation had, the merits of his claim were passed upon in giving judgment. (*Tucker* v. *Rohrback*, 13 Mich., 73; *Wood* v. *Faut*, 55 Mich. 185; *Gray* v. *Dougherty*, 25 Cal. 266.)

To be a bar to future proceedings, it must appear that the former judgment necessarily involved the determination of the same fact to prove which it is offered in evidence. It is not enough that the question was in issue in the former suit; it must also appear to be precisely determined. Where in the answer various matters of defense are set forth, some of which relate to the maintenance of the action, and others to the merits and there is a general decree of dismissal it is impossible to hold that the decree is a bar to a future action. (*Foster* v. *The Richard Busteed*, 100 Mass. 409.)

In an action on four counts, if the judge withdraws three of them from the jury, a verdict on the fourth count does not bar another action for any matter involved in the rejected count, though evidence in regard to such matter was introduced. (*Boston Blower Co.* v. *Brown*, (Mass.) 21 N. E. Rep. 883.)

Where the record shows that there were submitted for determination several issues, some going to the merits and others to the form, and it neither appears from the record nor by extraneous evidence that the former adjudication was on the merits, the former judgment is not an estoppel; and in the absence of such showing it will be presumed to have been

rendered on the defects in form. (*Kleinschmidt* v. *Binzel,* · 14 Mont. 31.)

DE WITT, J.—The only point of importance in the case is as follows: Without stating in detail the method by which the question was raised, it is sufficient to ˙say that the defendants contended that the judgment in the former case was *res adjudicata* upon this trial, for the reason that the equitable defenses set up in this case were also pleaded in the former case, and that in the former case, the jury found the issues for the defendants, and, as the equitable issues were submitted to the jury, the judgment is *res adjudicata* as to everything before the jury and the court at that time. In this contention the district court held against defendants. Hence their appeal.

Appellants cite many cases, like *Griffin* v. ·*Railroad Co.,* 102 N. Y. 449, 7 N. E. 735, wherein the opinion says: ''The rule is well settled that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have decided, as incident or essentially connected with the subject-matter of the litigation within the purview of the original action, either as matter of claim or of defense. (*Pray* v. *Hegeman,* 98 N. Y. 351; *Jordan* v. *Van Epps,* 85 N. Y. 427, 436; *Smith* v. *Smith,* 79 N. Y. 634; *Clemens* v. *Clemens,* 37 N. Y. 59, 74.)''

Also, an opinion of Chief Justice Shaw in *Bigelow* v. *Winsor,* 1 Gray, 299, in which the learned·justice says: ''It is no objection that the former suit embraced more subjects of controversy or more matter than the present. If the entire subject of the present controversy was embraced in it, it is sufficient. It is *res judicata.*''

Appellants also rely upon *Vail* v. *Rinehart,* 105 Ind. 6, 4 N. E. 218, in which the court says: ''Under repeated decisions of this court, from its earliest organization down, the adjudication of the Dearborn circuit court against the appellee in such prior suit is a final determination against him, not only as to what was actually decided therein, but also as to every

other matter which the parties might have litigated in the case, and especially as to the alleged lien which the appellee asserts and seeks to enforce in the case at hand against the decedent's land in Pulaski county. (*Fischli* v. *Fischli*, 1 Blackf. 360; *Richardson* v. *Jones*, 58 Ind. 240; *Elwood* v. *Beymer*, 100 Ind. 504.)"

Such cases might be indefinitely multiplied as this principle will be found very frequently stated in the decisions. But these cases are wholly inapplicable to the facts of the former case of *Gassert* v. *Black*. Not only were the present equitable defenses not decided in the other case (11 Mont. 185) but the record of that trial shows, expressly and affirmatively, that they were not litigated. By the instructions of the court and the findings of the jury, the present equitable issues were never reached upon that trial. Instead of there being any presumption that they were passed upon by the jury, there is affirmative showing that they were not. That case was decided solely upon the ground that the action was prematurely brought, and that plaintiff had no right to sue upon the note and foreclose the mortgage for the default in a year's interest. It was decided upon the ground that the mortgage did not express the intention of the parties when it provided that the debt should be due if any year's interest were in default. This proposition was expressly submitted to the jury when the court told the jury that. if they answered interrogatory No. 1 "No," and interrogatories Nos. 2 and 3 "Yes," they should go no further in the case. The jury did answer the interrogatories in just this way, and they went no further, and they made no findings upon the other equitable defenses submitted. It is true that they found a general verdict for defendants; but that was a matter of no consequence, as it was controlled by the special findings. Therefore, by the instructions of the court, the equitable issues in this case presented were wholly withdrawn from the jury in the other case, as being immaterial in the event that the jury decided the case upon the ground that the action was prematurely brought. They did decide it upon that ground, and that ground only.

The district court was therefore correct in its ruling that the former case was not *res adjudicata* upon the equitable issues presented in this case.    This view is fully sustained in *Kleinschmidt* v. *Binzel*, 14 Mont. 31, which decision goes much further than is necessary to hold in sustaining the ruling of the district court now before us.

The question of *res adjudicata* being out of the way, and the question of nonmaturity of the debt not being in issue in this case, the jury went on and made findings on all issues in favor of plaintiff, upon which findings the judgment for the debt and foreclosure of the mortgage was entered.

Appellants also contend that, it having been determined in the former case that the mortgage did not express the intention of the parties, the present action should have been brought as upon a reformed mortgage.    But the particular in which it was determined in the former case that the mortgage did not express the intention of the parties was simply that the intention was not that the whole debt should be due upon the default in a year's interest.    In the present action that question was out of the case.    The whole time of the note had run, and the whole amount was due.    There was no possible occasion to introduce into the case the question of reformation which was in issue in the other case.

Appellants also assigned as error some rulings of the court in admitting and excluding testimony in reference to assays made of some ores from the Black Warrior claim.    The value of this ore was taken into consideration in the accounting between the parties in this case.    We think that respondent answers appellants' contention in this respect, in that he shows that the value of this ore was taken into consideration in the settlement between the parties.    The jury found upon this matter, and that finding is not attacked, nor are we asked to set it aside.    Therefore, if there were error in the omission or exclusion of the testimony as complained of, we are of opinion that it should not set aside the general result obtained in the case.    (*Merchants' Nat. Bank* v. *Greenhood*, 16 Mont. 395.)

It is ordered that the judgment and the order denying a new trial be affirmed.

Since the filing of this appeal the respondent, Harry Gassert, has died, and his administratrix, Sarah C. Gassert, has been substituted as the party respondent in this court. The *remittitur* will therefore issue in the name of Sarah C. Gassert, administratrix.

.          .          . *Affirmed.*

HUNT, J., concurs.

[Submitted March 18, 1896. Decided March 23, 1896.]