WHITE, Appellant, *v.* CORBETT, Justice of the Peace, Respondent.

(No. 7,469.)

(Submitted November 8, 1935.  Decided November 20, 1935.)

[52 Pac. (2d) 156.]

(1)

Cause submitted on brief of Appellant.

*Mr. Harry Meyer,* for Appellant.

No appearance on behalf of Respondent.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, Sam R. White, has appealed from a judgment dismissing his application for a review of the action of John Corbett, a justice of the peace, in granting an exemption of property on the following showing:

On a final judgment in the justice of the peace court, White secured the levy of execution on an automobile owned by the judgment debtor, John P. Hanson. Hanson thereupon served upon the justice of the peace and constable a ''claim of exemption'' supported by his affidavit declaring that he is ''70 years of age, * * * the legal owner [of the car seized] * * * of a value of less than $300, to-wit, of the value of $105; that the same is exempt from execution under and by virtue of the Act of * * * March 14, 1933, * * * affiant is a married man and the head of a family.'' White's agent filed a counter-affidavit admitting that Hanson is a married man, and asserting that the car has a value of $500.

On the showing made the justice of the peace set the levy aside, whereupon White filed in the district court an affidavit and application for a writ of review. The court issued the writ, declaring that it appears that the justice exceeded his jurisdiction, and therefore commanded him to certify a ''transcript of the proceeding, docket and files'' to the district court. Service of the writ was admitted but the justice failed to make the return commanded. However, the lower court was represented by counsel at the hearing, and ''after argument of counsel·for the respective parties'' the court made an order denying review, which was followed by a judgment of dismissal. No reasons are given for the court's action nor are we advised of the nature

of counsel's argument, as the respondent made no appearance in this court. We must, therefore, determine whether the judgment can be sustained on any theory.

The writ of review (certiorari) can only be resorted to when there is no appeal, nor any plain, speedy or adequate remedy in the ordinary course of law (*State ex rel. Reynolds v. Laurendeau*, 27 Mont. 522, 71 Pac. 754), and when the lower court has acted in excess of jurisdiction. (*State ex rel. Johnston v. District Court*, 93 Mont. 439, 19 Pac. (2d) 220.)

Appeals from justice of the peace courts are matters of statutory regulation (*State ex rel. Hall v. District Court*, 34 Mont 112, 85 Pac. 872), and one who claims the right must point out the statutory authority therefor. (*Gahagan v. Gugler*, 100 Mont. 599.)

In this state an appeal lies to the district court only from a judgment of the justice of the peace court (sec. 9754, Rev. Codes 1921), or from an order of the justice setting aside, or refusing to set aside, a default judgment. (Sec. 9755, Id.) There is no appeal from an order made after judgment. (*State ex rel. Cobban v. District Court*, 30 Mont. 93, 75 Pac. 862; *Burch v. Roberson*, 47 Mont. 456, 132 Pac. 1132; *Thien v. Wiltse*, 49 Mont. 189, 141 Pac. 146.) Nor does it appear that there exists any "plain, speedy or adequate remedy in the ordinary course of law." (See *State ex rel. Grissom v. Justice Court*, 31 Mont. 258, 78 Pac. 498.)

A judgment debtor may have a levy of execution set aside (*Holmes v. Marshall*, 145 Cal. 777, 79 Pac. 534, 104 Am. St. Rep. 86, 2 Ann. Cas. 88, 69 L. R. A. 67), on a showing that the property is exempt from execution (*Murphy v. Harris*, 77 Cal. 194, 19 Pac. 377), but the mere statement that the property is exempt is but a conclusion of law and unavailing. (*Paulson v. Nunan*, 64 Cal. 290, 30 Pac. 845.)

Section 9427 of the Revised Codes of 1921 enumerates the property exempt to a married person or head of a family. Section 9428 then declares specific exemptions to designated classes of persons "in addition to the property mentioned in the preceding section."

Without declaring it an amendment to the foregoing sections, the legislature enacted Chapter 120 of the Laws of 1933, which provides:

"Section 1. An unmarried man or woman, over the age of sixty years, shall be allowed the same exemptions as are granted to the head of a family, under the laws of the State * * * .

"Section 2. In addition to all other exemptions, the following property is exempt from execution: * * * One truck or automobile of the value of not more than three hundred dollars.

"Section 3. Nothing herein mentioned shall be * * * construed as repealing any provision of sections 9427 or 9428 of the Revised Codes of 1921."

This Act presents a novel method of amending the sections named, but that is its sole effect. It creates a new class who may claim all exemptions applicable to the class, and then, in the phraseology of section 9428, granted an additional exemption; it closes with the injunction against repeal by implication. No attack, on constitutional grounds, is made on this method of amendment.

Exemption statutes are to be liberally construed, but such construction does not permit disregard of plain legislative mandates, and, when an exemption is available only to a certain class, a claimant must show that he comes within the class. (*In re Metcalf's Estate*, 93 Mont. 542, 19 Pac. (2d) 905.)

The final provision of section 9427, above, is that "no person not a bona fide resident of this state shall have the benefit of these exemptions." Clearly, section 3 of Chapter 120 above evinces the legislative intention that this provision applies to the new *class* and the additional exemption created by the chapter. It was, therefore necessary, in order to claim the exemption, to show that the debtor was a bona fide resident of the state, and the affidavit filed, failing in this particular, was not sufficient to vest jurisdiction in the justice of the peace to grant the exemption. The district court erred in dismissing the application for the writ of review.

6

The judgment is reversed and the proceeding remanded.to the district court of Silver Bow county, with direction to revoke its order and give judgment annulling the action of the justice of the peace court.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.