STATE ex Rel. BARTOL, Respondent, v. JUSTICE OF THE·
PEACE COURT et al., Appellants.

(No. 7,495.)

(Submitted February 11, 1936. Decided March 3, 1936.)

[55 Pac. (2d) 691.]

*Mr. H. O. Vralsted,* for Appellants, submitted a brief and argued the cause orally.

*Mr. John B. Muzzy,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from a judgment of the district court of Judith Basin county rendered in a proceeding brought to review

the action of a justice of the peace in ordering the release of property, claimed as exempt, from attachment. The judgment annulled the order of the justice of the peace.

The plaintiff brought his action in the justice's court and secured the issuance of a writ of attachment against the property of Joe Tarr. The attachment proceedings are regular in all respects. The sheriff of Judith Basin county levied upon and seized under the writ of attachment, on the second day of April, 1935, in Judith Basin county certain personal property of the defendant in that proceeding, namely, 3 coal cars, 38 mining timbers, 35 tie timbers, 4 tons of rails of various lengths and sizes, and one wagon scale. Thereafter, on April 11, the defendant in the attachment suit filed a motion to release the property attached, on the ground that it was exempt under the provisions of subdivision 5 of section 9428, Revised Codes of 1921. This motion was supported by an affidavit of the defendant, wherein it was stated that he resided in Judith Basin county, Montana; was a married man and the head of a family, "a miner by occupation and trade and that for more than 2 years last past" he was engaged in mining coal on certain described real estate in Judith Basin county, Montana; that he was the owner of the property heretofore described, which did not exceed in value the sum of $1,000. Thereafter the plaintiff in the attachment suit filed a counter-affidavit, setting forth that he was the owner of the lands and premises described in the defendant's affidavit whereon the defendant had mined and removed from the premises coal by men employed by the defendant as miners to mine and remove the coal. It is alleged that the defendant did not by himself and alone mine or remove the coal, but was the employer of men as miners who mined and removed the same. It is further alleged in the affidavit that on or about the first day of April, 1935, the defendant abandoned these premises and removed the attached property to his place of residence; that at the time of the attachment it was not being used in, or connected with, or placed for use or in connection with, any mining operations by the defendant; that

at the time of the attachment the defendant was not operating or conducting any mine whatever; that all the property attached was suitable for use for other purposes than mining and could be so used; that at the time of the attachment defendant had no mine or claim in or about which the property attached could be used; and that the defendant had at that time discontinued all mining operations on the premises. It is denied that the property was exempt.

Thereafter, on April 17, 1935, the justice of the peace heard the motion for the release of the property and ordered it released from the attachment and returned to the defendant. Thereafter a writ of review was issued by the district court directed to the justice of the peace, and, after a return had been made to the writ, a hearing was had resulting in a judgment annulling the order of the justice of the peace releasing the property from attachment. The respondent justice of the peace in the district court has appealed from this judgment.

It is contended on appellant's behalf that the order was within jurisdiction and therefore valid. The respondent here contends that the justice of the peace is without authority on motion, in a summary manner, to make an order releasing property from attachment claimed to be exempt, and that the showing made in the affidavit and counter-affidavit was insufficient to authorize the justice of the peace to make an order releasing the property from the attachment.

In the case of *White* v. *Corbett, Justice of the Peace,* 101 Mont. 1, 52 Pac. (2d) 156, in a proceeding brought to review a similar order made by a justice of the peace, we said:

"The writ of review (certiorari) can only be resorted to when there is no appeal, nor any plain, speedy, or adequate remedy in the ordinary course of law (*State ex rel. Reynolds* v. *Laurendeau,* 27 Mont. 522, 71 Pac. 754), and when the lower court has acted in excess of jurisdiction. (*State ex rel. Johnston* v. *District Court,* 93 Mont. 439, 19 Pac. (2d) 220.)

"Appeals from justice of the peace courts are matters of statuory regulation (*State ex rel. Hall* v. *District Court,* 34

Mont. 112, 85 Pac. 872, 115 Am. St. Rep. 522, 9 Ann. Cas. 728), and one who claims the right must point out the statutory authority therefor. (*Gahagan* v. *Gugler* [100 Mont. 599] 52 Pac. (2d) 150.)

"In this state an appeal lies to the district court only from a judgment of the justice of the peace court (sec. 9754, Rev. Codes 1921), or from an order of the justice setting aside, or refusing to set aside, a default judgment. (Sec. 9755, Id.) There is no appeal from an order made after judgment. (*State ex rel. Cobban* v. *District Court*, 30 Mont. 93, 75 Pac. 862; *Burch* v. *Roberson*, 47 Mont. 456, 132 Pac. 1132; *Thien* v. *Wiltse*, 49 Mont. 189, 141 Pac. 146.) Nor does it appear that there exists any 'plain, speedy, and adequate remedy' in the ordinary course of law. (See *State ex rel. Grissom* v. *Justice Court*, 31 Mont. 258, 78 Pac. 498, 500.)

"A judgment debtor may have a levy of execution set aside (*Holmes* v. *Marshall*, 145 Cal. 777, 79 Pac. 534, 69 L. R. A. 67, 104 Am. St. Rep. 86, 2 Ann. Cas. 88) on a showing that the property is exempt from execution (*Murphy* v. *Harris*, 77 Cal. 194, 19 Pac. 377), but the mere statement that the property is exempt is but a conclusion of law and unavailing. (*Paulson* v. *Nunan*, 64 Cal. 290, 30 Pac. 845.)"

It is noteworthy that our Codes contain no specific provision ██ with reference to the manner and mode of claiming exempt property. Frequently persons desiring to claim property as exempt from attachment or execution file a sworn claim with the officer making the levy, who, if he retains the property, ordinarily demands an indemnity bond. The officer then proceeds to sell the property, and an action for damages is brought against such officer or a claim and delivery suit is brought against the officer by the claimant prior to sale. However, in the case of *White* v. *Corbett*, supra, we approved the procedure followed in this case and now again hold that a justice of the peace may, on motion when supported by affidavits or evidence, proceed to determine the validity of the claim for exemption as to property held under process out of his court.

Section 9428, Revised Codes 1921, in addition to the property mentioned in section 9427, provides that judgment debtors who are married or the heads of families are entitled to additional property as exempt. Subdivision 5 of that section provides that, as to miners, certain property is exempt, including cars, tools, implements and appliances necessary for carrying on any kind of mining operations, not exceeding in value the aggregate sum of $1,000. Other items of property are enumerated therein, none of which are here involved.

It is the contention of the plaintiff that, at the time the levy was made, defendant was not engaged in mining and had no place in view where he could engage in mining. It appears from the record that defendant's mining activities at the time of the levy had only ceased for a period of some two or three days. The affidavits are silent as to any intention on the part of the defendant to engage in mining in the future, unless his statement that he was by trade and occupation a miner may be so considered.

In 2 Freeman on Executions, section 226, page 1208, third edition, the author quotes with approval from what was said by the court in the case of *Caswell* v. *Keith,* 12 Gray (Mass.), 351: "The distinction between withdrawing from the pursuit of a particular trade or occupation, with a determination never to resume it, and a temporary diversion from its prosecution, while engaged in conducting some other business or enterprise not intended to be of permanent or durable continuance, is clear and definite. * * * To secure to himself the privileges and benefits intended to be conferred by the provisions of the statute, an artisan is not required to ply his trade without any possible intermission or the occurrence of any interruption in its pursuit. If, for instance, owing to the general stagnation of business, he cannot for a season find remunerative employment in carrying it on, or if, from personal infirmity or other intervening impediment, it becomes necessary or expedient that he should resort temporarily to some other department of industry to obtain means of supporting himself and his family, he cannot,

as long as he entertains an intention to return, as soon as circumstances will permit, to occupation and employment in his trade, be said to have given up or abandoned it. The tools and instruments requisite to carry it on in the usual and ordinary manner in which such business is conducted are in the meantime still things of necessity to him within the meaning of the law."

We have said that exemption statutes are to be liberally construed, but such construction does not permit a plain disregard of legislative mandate, and, when the claim is for a certain class, the claimant must show that he comes within the class. (*White* v. *Corbett,* supra; *In re Metcalf's Estate,* 93 Mont. 542, 19 Pac. (2d) 905.) It has been held that a person who earns his living by farming is a farmer within the meaning of the exemption laws, although he does not own a farm or has one leased and is not doing any specific thing as a farmer on the particular day on which an execution is levied upon his property. (11 R. C. L. 498; *Hickman* v. *Cruise,* 72 Iowa, 528, 34 N. W. 316, 2 Am. St. Rep. 256; *State* v. *McNeill,* 58 Wash. 47, 107 Pac. 1028, 137 Am. St. Rep. 1038; *Aslett* v. *Evans,* 48 Idaho, 206, 280 Pac. 1036; *Pease* v. *Price,* 101 Iowa, 57, 69 N. W. 1120.)

On the facts as disclosed by the record we conclude that the showing of the defendant in the attachment proceeding was sufficient to bring him within the class, to enable him to make a claim as a miner to the exemptions to which that class was entitled by statute.

The question remains, Was the property sought to be claimed within the statute? In 2 Freeman on Executions, third edition, section 226, page 1212, it is written in discussion of the question as to what are "tools" within the meaning of exemption statutes: "That a machine may be exempt from execution as a tool or implement of the trade of the debtor, must now be admitted. The difficulty is in formulating some test by which to determine when it is exempt and when not. The earlier cases incline to suggest the simplicity of its construction as such test. This is worthy of consideration, but cannot be accepted

8

as a final or conclusive test. Perhaps the capacity of the debtor to use it by his own personal strength or skill, without the aid or assistance of other machinery or motive power, is a better test. To illustrate: a typewriter or a sewing machine is by no means simple in its construction, but it may be used by an operative through the exercise of his personal strength and skill, and may be but the one tool by which he carries on his trade or vocation, and earns his livelihood." An implement is some tool or utensil forming a part of equipment for work. (Webster's Dictionary, 2d ed.) We conclude that the property attached was all exempt.

The judgment is reversed and the cause remanded to the district court, with direction to enter judgment in accordance with the views herein expressed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the foregoing decision.