JARDINE MINING CO., APPELLANT, *v.* BACORN ET AL., RESPONDENTS.

(No. 8,205.)

(Submitted March 2, 1942. Decided June 19, 1942.)

[131 Pac. (2d) 258.]

*Mr. Vilroy C. Miller* and *Mr. Clarence E. Wohl,* for Appel-

lants, submitted an original and a reply brief; *Mr. Wohl* argued the cause orally.

*Mr. Fred L. Gibson,* for Respondents, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by plaintiff from a judgment in favor of defendants. The complaint consisted of three causes of action. General demurrer to the first and second causes of action was sustained and plaintiff, declining to plead further though time was allowed therefor, suffered judgment of dismissal to be entered against it as to those causes of action. The order sustaining the demurrer recited, "It seems that laches, unsatisfactorily explained or excused, appears on the face of both the first and second causes of action of such amended complaint; * * *." The judgment as to them recited that it was rendered upon the merits as to those causes of action. The action proceeded to trial on the third cause of action only. It was tried to the court sitting with a jury acting in an advisory capacity, the action being in equity.

Plaintiff for a reversal of the judgment contends that the court erred in striking its affirmative defense to defendants' cross-complaint. Consideration of this question makes it necessary to consider the pleadings somewhat in detail. The third cause of action seeks to quiet title to two described mining claims excepting a tract 300 feet wide and 700 feet long, particularly described, and as to this tract plaintiff sought the right to the minerals lying beneath the surface and the right to mine and extract the same so long as neither the surface nor the improvements thereon shall be materially injured.

Defendants filed an answer and cross-complaint to the third cause of action admitting that plaintiff is the owner of the two mining claims described in the complaint, but alleging that they own the 300 by 700 foot strip of ground known as

the Welcome House tract, and certain easements and rights of way over the same by virtue of a grant from plaintiff. They allege that the grant was made to defendant H. C. Bacorn pursuant to resolution of the board of directors of plaintiff, a copy of which is attached to the answer and cross-complaint. The resolution directed and authorized the president and secretary of plaintiff corporation to enter into a contract with defendant H. C. Bacorn for furnishing telephone, water and electrical current to the Welcome House property; that such contract was entered into and is attached to the answer and cross-complaint; that on the 5th day of April, 1924, defendant H. C. Bacorn conveyed the Welcome House tract with appurtenances to his wife, S. D. Bacorn, with the understanding that she should hold the title as the property of both defendants.

The answer and cross-complaint alleges that the Welcome House tract at the time it was conveyed to defendant H. C. Bacorn had as appurtenances thereto an easement of right of way for poles and lines for conveying electrical current from the hydro-electrical power line of plaintiff to the dwelling house and buildings, and telephone poles and a telephone line connecting with the telephone line between the towns of Jardine and Gardiner; right of way for service pipes and mains conveying water to the dwelling house and buildings from the water system and plant of plaintiff; right of way for private roadway entering the tract at the southern end thereof; right of way for private road leading from the dwelling house across a portion of one of the claims to the main highway through the town of Jardine; and right of way for a pedestrian pathway leading from the residence to the town of Jardine.

The defendants set up two affirmative causes of action in their cross-complaint against plaintiff. The court sustained a demurrer to the first cause of action in the cross-complaint and it requires no further consideration.

As a second separate cause of action in their cross-complaint, defendants allege in substance that plaintiff endeavored to destroy and deteriorate the value of the property of the defendants by discontinuing the furnishing of water, electrical current and telephone service as it had agreed. It is alleged that in addition to discontinuing these services the plaintiff entered upon the private roadway leading from the public highway across its land on one of the mining claims and wilfully and maliciously cut and excavated and removed large parts of the private roadway of defendants and rendered the roadway impassable and useless and defendants were compelled to construct at their own expense a temporary, makeshift and inadequate roadway across another portion of plaintiff's land to reach their dwelling house; that plaintiff also destroyed trees and shrubs on each side of its roadway and tore up and disconnected the water pipe supplying water to the Welcome House tract; that the wrongful and oppressive acts of plaintiff were for the purpose of compelling defendants to vacate the property and to abandon it to the plaintiff; that defendants were unable to continue in the occupancy of the dwelling house and premises except temporarily, and removed therefrom on the 27th of October, 1937; that the wrongful acts of the plaintiff have injured the Welcome House tract and lessened and depreciated its value in the sum of $9,000.

The cross-complaint seeks $9,000 actual damages upon its second cause of action and $15,000 exemplary damages, and that the defendants' title and ownership in the Welcome House tract and its appurtenances and right of way be quieted.

The plaintiff moved to strike certain allegations from the defendants' cross-complaint. The motion was sustained in part and denied in part.

The plaintiff, in reply to the amended answer and cross-complaint made certain admissions and denials and, by way of separate answer or reply thereto, alleged in substance that the resolution by the plaintiff corporation was made and the deed to H. C. Bacorn of the property known as the Welcome House

tract was given without consideration; that at the time of the transactions set forth in the cross-complaint H. C. Bacorn had control and influence over the directors of the plaintiff corporation; that members of the board of directors selected after the time of the transactions set out in the cross-complaint were selected on the approval of the defendant H. C. Bacorn and were all under the direct and complete supervision and orders of Bacorn, and that because thereof H. C. Bacorn kept and maintained complete, full, direct and active control over the business and the affairs of plaintiff corporation from October 23, 1923, to July 24, 1936, and that he was able because of his influence over his associate directors and officers "to see that said transaction whereby he secured said portion of said placer mining claims was not questioned or suit brought to set deed and conveyance aside," and that it was not until about the 24th day of July, 1936, that the plaintiff corporation had a board of directors who were not under the immediate and direct control of defendant H. C. Bacorn, and that at no time from October 24, 1923, to about the month of April, 1937, did the defendants or either of them claim to be the owners or owner of any portion of the placer mining claims adverse to the plaintiff but openly represented to plaintiff and its board of directors that the property was the property of the plaintiff; that it was not until April, 1937, that the facts relating to the transaction and the fact that defendants claimed to be the owners of the property adverse to plaintiff was learned by plaintiff corporation.

It is alleged that the act of the directors and officers in deeding and conveying the property to the defendant H. C. Bacorn amounts to a fraud upon the plaintiff corporation and its stockholders and that plaintiff is entitled to have the deed set aside and cancelled and to have the claim or claims of defendants to any portion of the mining claims declared groundless.

Defendants filed a motion to strike the further and separate answer and reply upon the ground that it was sham, irrelevant and frivolous, which was sustained, the court pointing out that it contained the same matter as was contained in plaintiff's

first and second causes of action, and hence that the judgment dismissing those causes of action was *res judicata* and that the same matter could not be set up by way of reply or answer to the cross-complaint. The court pointed out that everything set out in the reply that is different from the first and second causes of action in the amended complaint could have been incorporated in such causes of action in the complaint by amendment.

This brings us to the point as to whether the court properly ■ ■ sustained defendants' motion to strike. As above stated, the demurrer to the first and second causes of action was sustained upon the ground of laches. They set out substantially the same matter alleged in the reply, except that an attempt was made to set out in the reply more facts tending to show why proceedings for relief were not commenced sooner. On this point the reply contains additional allegations, pointing out in substance that Bacorn dominated the board of directors to such an extent as to prevent the bringing of an action up to and including the month of July, 1936. Also the following was alleged as new matter: "That at no times from October 24, 1925, to about the month of April, 1937, did said defendants, or either of them, ever claim to be the owners or owner of said portion of said placer mining claims adverse to plaintiff but on the contrary, at all times to about the month of April, 1937, the defendant, H. C. Bacorn to the knowledge and with the consent of the defendant S. D. Bacorn, openly represented to plaintiff corporation and its board of directors and stockholders, that said property was the property of the plaintiff and the said board of directors elected on July 24, 1936, relying on said representations, believed that said property was the property of plaintiff; that on various occasions immediately before and after May 12, 1936, the said defendant, H. C. Bacorn, intentionally tacitly represented to the members of said board of directors of plaintiff corporation, who were not under his direct control and influence, as an inducement for them to purchase stock in plaintiff corporation and to invest money therein that

said portion of said placer mining claims was the sole property of plaintiff corporation, and said persons relied on said tacit representations and believed the same to be true.''

We recognize that in many jurisdictions the rule is that a judgment dismissing an action after demurrer to the complaint was sustained is *res judicata,* not only as to facts alleged in the complaint but also as to everything which might have been alleged therein. Other cases take the opposite view. The cases supporting the divergent views on this subject are found in the note in 13 A. L. R. 1104.

In this case it will be noted that the trial court at least by implication found that the first and second causes of action in the complaint stated facts sufficient to constitute a cause of action but sustained the demurrer solely because of the fact that laches had barred plaintiff's right to maintain the action. The judgment dismissing the action recited that it was on the merits. It is questionable whether the words ''on the merits'' as they appear in the judgment lend any weight in view of the fact that the record is definitely clear that the only reason for sustaining the demurrer was because of laches. (Compare *Goddard* v. *Security T. I. & G. Co.,* 14 Cal. (2d) 47, 92 Pac. (2d) 804.) Whatever may be the rule in other jurisdictions, the rule in Montana is stated in *Kleinschmidt* v. *Binzel,* 14 Mont. 31, 35 Pac. 460, 464, 43 Am. St. Rep. 604. These, after recognizing the general rule that a judgment on demurrer is *res judicata* as to the facts alleged, it is stated: ''But this rule should always be stated and applied with due regard to some modifying conditions, which it is not permitted to violate. Thus, when the pleader has submitted to the ruling of the court on demurrer against the sufficiency of the cause of action or defense as stated, that ruling would not bar him, or those in privity with him, from again asserting the same facts, accompanied by additional allegations which complete the statement of a good cause of action or defense.'' This rule was quoted with approval in the later case of *Glass* v. *Basin & Bay State Mining Co.,* 35

Mont. 567, 90 Pac. 753. (And see 15 Cal. Jur. 126, and *Erganian* v. *Brightman*, 13 Cal. App. 2d 696, 57 Pac. (2d) 971).

In view of the additional allegations contained in the reply which were not in the first and second causes of action relating to the issue of laches, the judgment on the demurrer to the first and second causes of action is not *res judicata* as to the allegations contained in the reply.

It is true that the first and second causes of action contained allegations that plaintiff corporation did not know of the facts entitling it to relief until about the month of April, 1937. The court, however, in sustaining the demurrer on the ground of laches might have taken the view that it was the duty of the corporation and its board of directors to ascertain the facts sooner or abide the consequences. The reply makes it clear, if the allegations can be sustained by proof, that under the circumstances plaintiff and its board of directors were actively misled by the representations of defendant H. C. Bacorn, as to the actual ownership of the property. Hence this is ample excuse for not seeking relief sooner. In consequence the court erred in striking the affirmative matter from the reply.

The only other question necessary to be considered is the propriety of the defendants' cross-complaint. Simply stated plaintiff contends that defendants' cross-complaint is not within the purview of section 9151, Revised Codes. That section reads as follows: "Whenever any defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction, or subject-matter upon which the action is brought, or affecting the property to which the action relates, or whenever the judgment in such action may determine the ultimate rights of defendants to an action as between themselves, any defendant may, in addition to and in his answer, file at the same time, or subsequently by permission of court, a cross-complaint against all parties to such action, and may make as additional parties to such action, and ask relief against, any person, firm, association, or corporation, necessary or required to permit the court to make a full determination of

and to adjudicate all rights of any person, firm, association, or corporation, relating to or dependent upon the contract, transaction, or subject-matter, or affecting the property to which the action relates.''

As above stated, plaintiff's third cause of action is one to quiet title. The gist of the cross-complaint is that the defendants are the owners of the Welcome House tract together with various easements or rights-of-way over and across plaintiff's property; that in the summer of 1937 the plaintiff entered upon one of the roadways (one of the claimed easements) and so damaged the roadway as to make it unusable.

Plaintiff's objection to this cross-complaint is that since the defendants do not claim damages done to the roadway as such, but only to the Welcome House tract, such relief does not defeat, overcome, or affect plaintiff's action to quiet title, nor does it lessen, modify or interfere with the relief sought by it, nor does the cause of action relate to, nor is it dependent upon, the subject matter of the plaintiff's action to quiet title.

We cannot agree with the plaintiff's contention on this point. Section 9151 provides that a cross-complaint is proper when it asks relief necessary or required to permit the court to adjudicate all rights, ''relating to or dependent upon the contract, transaction, or subject-matter upon which the action is brought, or affecting the property to which the action relates.''

While this court, in the case of *Callender* v. *Crossfield Oil Syndicate*, 84 Mont. 263, 275 Pac. 273, 277, held that a cross-complaint must to some extent defeat, overcome or affect plaintiff's cause of action, or lessen, modify or interfere with the relief sought by plaintiff, that case to that extent, as well as others following it have been expressly overruled in *Pioneer Engineering Works, Inc.*, v. *McConnell, ante* p. 392, 130 Pac. (2d) 685. The cross-complaint here was properly held to be within the meaning of section 9151, Revised Codes.

Defendants point out that in plaintiff's printed brief it ▇ concedes that defendants have a right-of-way over and across its mining property. They contend that this admission

426

carries with it the inference that the respondents also own the dominant tenement, or the Welcome House tract. We do not agree with this contention.

At the time the brief of plaintiff was written, the court had declined to consider its answer to defendants' cross-complaint, which in effect alleges that defendants had no interest in the Welcome House tract because of the matters alleged therein. The admission in the brief must be taken in the light of the case as it stood at the time the briefs were filed. (*Leavenworth Light & Heating Co.* v. *Waller*, 65 Kan. 514, 70 Pac. 365).

Other questions have been presented but since it is not certain that they will arise upon a new trial, no useful purpose would be subserved in here discussing them.

The judgment is reversed and the cause remanded for a new trial.

ASSOCIATE JUSTICES ERICKSON and ANDERSON, and the HONORABLE T. E. DOWNEY, District Judge, sitting in place of MR. CHIEF JUSTICE JOHNSON, disqualified, concur.

MR. JUSTICE MORRIS: I dissent.

Rehearing denied December 7, 1942.