HUGH G. KIDDER, Plaintiff and Respondent, *v.*
R. E. VARNER, Defendant and Appellant.
No. 10039.
Submitted September 18, 1959. Decided December 21, 1959.
347 Pac. (2d) 721.

See **C. J. S.** Motions and Orders, § 65.

Goldman & Jordan, Lee A. Jordan, Missoula, for appellant. Lee A. Jordan argued orally.

Gille V. Wooten, Missoula, argued orally for respondent.

MR. JUSTICE CASTLES:

This is an appeal from two orders of the district court refusing to set aside an order which had denied a motion to exempt attached property under R.C.M. 1947, secs. 93-5813 and 93-5814. The unusual circumstances which brought about the appeal are as follows so far as they have a bearing on this decision.

An attachment of certain personal property was had by plaintiff. An affidavit and motion to have certain items of the attached property exempted was made by the defendant. The motion to exempt was noticed for hearing. At the hearing, an objection to introduction of any evidence was made by the plaintiff on the ground that, in the affidavit accompanying the motion for exemption, it was not made to appear that the defendant was either (1) a resident of Montana, or (2) married and the head of a family as the exemption statutes require.

The defendant then was allowed to amend his affidavit and did so by interlineation but again failed to allege or recite bona fide residence.

Thereafter the matter was heard and the following testimony as to residence had:

"Q. Would you state your name? A. R. E. Varner.

"Q. Where do you live? A. 2031 Missoula Avenue, Missoula, Montana.

"Q. Are you married? A. Yes, sir.

"Q. Are you living with your wife? A. Yes, sir."

Also the complaint filed by the plaintiff, who was now objecting to the lack of a recitation in the affidavit as to residence, had alleged in four different places the fact that the defendant was a resident of Montana. In addition, a mortgage pleaded by the plaintiff recited the Montana residence of the defendant. So, it was unequivocally shown that the defendant was in fact

a resident of Montana and one qualified under the statutes for the exemption moved for.

The hearing on the exemption motion went into all matters concerned including matters of fraud and whether defendant was one entitled to an exemption under the statutes and whether the personal property items were exempt items.

At this stage, the minutes from the court journal of February 9, 1959, are, in part, as follows:

"R. E. Varner and Hugh G. Kidder were sworn and testified and the testimony closed. Plaintiff's written Request for the Court to make Findings of Fact and Conclusions of Law were presented for filing and the Court stated that its decision would be made at 1:30 p. m.

"1:30 p. m. Present in Court: The plaintiff with his attorney Gille V. Wooten, Court's Findings of Fact and Conclusions of Law were dictated in favor of the defendant but were withdrawn due to plaintiff's exceptions and the hearing continued to Tuesday, February 10, 1959, at 9:00 a. m."

The journal entry of February 10, 1959, is as follows:

"The plaintiff with his attorney, Gille V. Wooten, and the defendant with his attorney, Lee A. Jordan, came into Court, this being the time set for hearing plaintiff's Exceptions to Court's Findings of Fact, etc. The Exceptions were argued by respective counsel and thereafter the Court denied defendant's Motion to Release Attached property on authority of White v. Corbett, 101 Mont. 1."

A new motion and affidavit in proper form, apparently filed because Judge Shallenberger felt the informality of the papers, i. e., the affidavit previously filed was a jurisdictional matter, were filed that same day.

The following day, February 11, an affidavit of disqualification was filed. Judge Shallenberger had, according to the minute entry before us, forecast what his decision would be. The plaintiff, then, upon Judge Comer's assumption of jurisdiction, succeeded in having Judge Comer refuse to consider the motion

to exempt on the merits; but rather, to declare that the matter had already been fully adjudicated and was thus *res judicata.*

The errors specified go to the question of whether Judge Comer was correct in two orders dated February 13 and February 20, refusing to set aside Judge Shallenberger's order denying the motion for exemption on the grounds that Judge Shallenberger's ruling was *res judicata.*

This court has had similar matters before it before. In Kleinschmidt v. Binzel, 14 Mont. 31, 54, 35 Pac. 460, 465, it is said: " 'If the first suit was dismissed *for defect of the pleadings,* or parties, or a misconception of the form of proceedings, or the want of jurisdiction, *or was disposed of on any ground which did not go to the merits of the action,* the judgment will prove no bar to another suit.' Hughes v. United States, 4 Wall 232 [18 L. Ed. 303].

" * * * for the authorities harmoniously concur in the proposition that it must clearly appear from the record in the former case, or be proved by competent extraneous evidence, that the matter as to which the rule of *res adjudicata* is invoked as a bar was in fact adjudicated in the former action. * * * ' * * * it must appear, by the record of the prior suit, that the particular controversy sought to be concluded was necessarily tried and determined, * * * and further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact' [Packet Co. v. Sickles, 5 Wall. 580, 592, 18 L. Ed. 550]. * * * ' * * * it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated and upon which the judgment was rendered,—the whole subject matter of the action will be at large, and open to a new conten-

tion, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. [Russell v. Place, 94 U. S. 606, 608, 24 L. Ed. 214]' * * *

"* * * it must be clearly shown that the very matter as to which the bar of *res adjudicata* is invoked was adjudicated and determined on the merits in the former action; that it is not enough that such matter was attempted to be drawn in question * * *." Emphasis supplied.

In this case the party who was urging the doctrine of *res judicata* argued that it was the plaintiff's duty to see that the entry in the record specified the ground on which the former ruling was made. In this regard our court in the Kleinschmidt case at page 60 of 14 Mont., at page 467 of 35 Pac., stated: "It may well be answered that, the time has come when it is not considered altogether amiss to claim some duties as due from the court toward litigants; and one should be to so shape the entry of court rulings in its record as not to raise unjust and untrue implications against the suitor, of which he is not the author, to burden or defeat his effort to obtain justice. Of course no such thing would be done knowingly * * *. And, in the multitude of rulings which the trial judge is called upon to make he does not always expound the grounds thereof, nor, if expounded, would they be noted in the record."

The Kleinschmidt case, supra, was affirmed by our court in Gassert v. Black, 18 Mont. 35, 44 Pac. 401. In this case, 18 Mont. on page 41, 44 Pac. on page 403, the defense of *res judicata* was refused by the court on the grounds that the previous jury trial and decision "was decided solely upon the ground that the action was prematurely brought, and that plaintiff had no right to sue upon the note and foreclose the mortgage for the default in a year's interest."

The Kleinschmidt case, supra, has been quoted with approval by many subsequent Montana decisions. The latest in Schuster v. Northern Co., 127 Mont. 39, 47, 157 Pac. (2d) 249, 253. In this case our court stated:

"Whether a judgment of dismissal is upon the merits largely depends upon the facts and circumstances of the particular case."

In Jardine Mining Co. v. Bacorn, 113 Mont. 416, 423, 131 Pac. (2d) 258, 261, our court stated:

"Whatever may be the rule in other jurisdictions, the rule in Montana is stated in Kleinschmidt v. Binzel, 14 Mont. 31, 35 Pac. 460, 464, 43 Am. St. Rep. 604. There, after recognizing the general rule that a judgment on demurrer is *res judicata* as to the facts alleged, it is stated: 'But this rule should always be stated and applied with due regard to some modifying conditions, which it is not permitted to violate. Thus, when the pleader has submitted to the ruling of the court on demurrer against the sufficiency of the cause of action or defense as stated, that ruling would not bar him, or those in privity with him, from again asserting the same facts, accompanied by additional allegations which complete the statement of a good cause of action or defense.' [Citing cases.]"

In each case this court has looked to see whether the parties had had their day in court and had had their matter determined on the merits.

To determine what Judge Shallenberger did here, it is necessary to examine White v. Corbett, 101 Mont. 1, 52 Pac. (2d) 156. In that case, a judgment debtor was trying to have certain of his property exempt from an execution. He filed an affidavit but failed to recite in the affidavit whether he was a bona fide resident of Montana. The action had arisen in a justice court and was reviewed in the district court. No proceedings as to sworn testimony had below were before the supreme court. It had *only* the affidavit to look to in order to see whether or not the exempt status required by the statute was proven. It is customary in the practice in this state to use affidavits with motions to exempt. It is not required by statute however. We take it that a showing of jurisdiction and exempt status could be made by depositions or a hearing on a motion or petition to

exempt. However, because of the language used by this court in White v. Corbett, supra, it is obvious from the record before us that *Judge Shallenberger could only have ruled orally as he did because he believed the formality of the affidavit itself required a recitation of residence.* In the face of the allegations of the complaint heretofore referred to and the clear testimony adduced under oath, he could not possibly have made a finding of non-residence. He could only have referred to the informality of the pleadings, i. e., the affidavit.

In this situation, it is clear that he did not rule on the merits ▌ with any thought of finality. In addition to the minute entries heretofore set out, the findings of fact and conclusions of law in favor of the defendant were dictated and appear in the record. We express no opinion as to the correctness or incorrectness of those findings, but refer to them merely to strengthen our view that Judge Shallenberger did not rule on the merits with finality, but rather on what he considered informality of the affidavit. It was as if he ruled on pleadings and the matter was disposed of on a ground that did not go to the merits of the action. As said in 37 Am. Jur., Motions, Rules and Orders, sec. 34, p. 516.

"If a motion is denied for some irregularity in the papers or for failure to comply with the rules of court, it is not a bar to a subsequent motion regularly made. It is like a judgment of nonsuit or the abatement of an action for some error in bringing or conducting it, which has never been held to preclude the plaintiff from beginning anew."

In August v. Burns, 79 Mont. 198, 215, 255 Pac. 737, 742, it was said:

"Plaintiff next sought relief by petition in the guardianship matter. If the order dismissing his petition was a judgment on the merits, refusing to revoke letters of guardianship, as asserted by counsel for defendant, it was a bar to the present action on all questions therein decided.

"However, the matter was not decided on issues framed and

evidence adduced, but upon argument on motion to quash on the ground that the petition did not state facts sufficient to entitle petitioner to the relief sought. While the contention of the plaintiff in the case at bar is indicated in the petition filed in the guardianship matter, it did not properly allege that the phrase 'of the person' was included in the petition for letters of guardianship and the consent thereto by the mutual mistake of the parties, which is the chief question determined by the trial court as a basis for the decision from which this appeal is taken.

" 'The doctrine of res adjudicata, in its strict sense, does not apply to the decision of a motion * * *' (28 Cyc. 20; [Citing cases.]) * * * Under the circumstances we hold the plea of res adjudicata was not available to defendant * * *."

How like that case the instant case is. The failure to recite "bona fide residence" in the affidavit accompanying the motion is similar to the failure to allege "of the person" in the petition for letters. It does not act as a bar to a new motion and affidavit under the circumstances here. The motion to exempt has not, in any sense, been finally determined on the merits.

For the foregoing reasons the orders appealed from are reversed and the cause remanded for further proceedings not inconsistent herewith.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ANGSTMAN concur.

MR. JUSTICE BOTTOMLY:

I concur in the result reached in the majority opinion but not in all that is said therein.

MR. JUSTICE ADAIR dissenting:

The record filed in this court on this appeal clearly shows:

That at all times here involved the defendant, R. E. Varner, was a bona fide resident of the State of Montana, and the

County of Missoula, with a wife and children dependent upon him for their support;

That he was and is a skilled mechanic and artisan in the drilling, measuring and repairing of bowling balls;

That on February 3, 1959, the sheriff of Missoula County, acting pursuant to a writ of attachment issued, at the instance of the plaintiff, Hugh G. Kidder, in this action attached, seized and took possession of the defendant Varner's 1952 International Metro van-type truck, which had been converted into a mobile machine shop and used exclusively by Varner for the drilling and repairing of bowling balls and bowling equipment;

That among other things included in said truck when it was attached and seized was a drill press, a turn table, electric drills, and various other tools together with a number of new bowling balls, bags and shoes;

That on February 4, 1959, the defendant Varner filed in the district court of Missoula County in this action, his certain affidavit showing the above facts and requesting the district court to release from the attachment and levy defendant's said truck, together with all the tools and accessories therein, and including the defendant's clothing, footwear, books of account and records, bedding and toilet articles so attached, seized and taken by the sheriff, which affidavit, application for release of such property and matter came on for hearing before the Honorable Wm. Shallenberger, then one of the district judges presiding in the district court for Missoula County, Montana.

On February 10, 1959, District Judge Shallenberger denied the defendant Varner's application and motion for an order to release such attached property.

On the following day, February 11, 1959, the plaintiff, Hugh G. Kidder, filed an affidavit of disqualfication against Judge Shallenberger for imputed bias and prejudice.

Thereupon the Honorable C. E. Comer, then the senior presiding judge of said court, was called in and he assumed jurisdiction in the cause.

On February 13, 1959, the plaintiff Kidder filed in the district court in this cause his own counter-affidavit resisting the defendant Varner's application for an order to release the above-mentioned personal property from the attachment whereupon and on the 13th day of February 1959, District Judge Comer made an order declining to issue an order releasing defendant's property from the attachment, the concluding two paragraphs of which order read:

"These issues have once been adjudicated by Judge Shallenberger, and this Court is of the opinion that it has no jurisdiction to hear, try or determine the said motion to vacate, set aside and release the said Writ of Attachment.

"It is well settled in this state that one district judge may not overrule or set aside the ruling of another district judge. For these reasons, the court finds it has no jurisdiction of the said motion made this morning before this Court, and therefore must deny the same."

Thereafter and on March 11, 1959, the defendant, R. E. Varner, appealed to this court from Judge Comer's order of February 13, 1959, and from a second order made by Judge Comer on February 20, 1959.

In August 1959, District Judge Shallenberger died and in November 1959, District Judge C. E. Comer resigned from the office of district judge whereupon two successors were appointed to fill such vacancies.

The facts in this case are fully presented in the record now before the Supreme Court. Such facts have been fully considered by the five justices constituting this court. The record clearly shows that first Judge Shallenberger and then Judge Comer committed prejudical error in denying the defendant Varner's application and motion for a release from the attachment of defendant's described tools and equipment needed and required by him in pursuing his trade and in performing his duties and work as a mechanic and artisan and essential for the support of himself and his dependents and which the statutes

338

of this state and the decisions of this court render exempt from both attachment and execution.

This court should "make but one bite of the cherry." It should order the sheriff to forthwith release such exempt personal property and to deliver same to the defendant Varner. The five justices of this court are at the present time much better informed as to the facts of this case than is either successor of the district judges of whose erroneous action complaint is here made.

For these reasons I respectfully dissent to a disposition of this case which grants the defendant Varner no immediate relief but only grants him the opportunity to again present to one of the judges who replaced Judges Shallenberger and Comer the same identical facts and authorities that have already been presented to and considered by the five justices of this court on this appeal. I am for ordering the exempt property released to its owner here and now.