### In re Harold George GEHNERT, dba Harold's Repair Shop dba Arrowhead Welding, Debtor.

**Bankruptcy No. 483–00213.**

United States Bankruptcy Court,
D. Montana,
Billings Division.

Aug. 2, 1983.

Gregory G. Murphy, trustee.

Jerrold L. Nye, for debtor.

---

**18**

ORVILLE GRAY, Bankruptcy Judge.

Trustee filed objection to debtor's request that a 1955 White truck which is equipped as a mobile crane be exempt. Hearing was held in Billings, Montana on July 12, 1983 at which time Jerrold L. Nye, Esq. and Gregory G. Murphy, Esq. appeared and argued the matter. It appears to the Court that this debtor is a mechanic, repair man and that the truck in question is a boom truck used in the nature of a crane as a mobile hoist for heavy equipment repair. Debtor has another truck, a pickup, which he claims exempt under the Montana Code, allowing one vehicle worth under $1,000.00. The pickup is not at issue here.

The question is here presented whether an automobile, truck or other motor vehicle can be included in the term "tool of the trade" in relation to exemptions asked by a tradesman or artisan debtor against the trustee. Montana "opted out" of the Federal exemptions by action of the 1981 Legislature. It passed Section 31-2-106 MCA as follows:

No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d) except property exempt from execution of judgement as provided in title 25, chapter 13, part 6.

This action was authorized by the Bankruptcy Reform Act of 1978, 11 U.S.C. § 522(b)(1). This matter must therefore be decided under Montana Law.

The question is if the term "tools or implements necessary for an artisan to carry on his trade" includes an automobile, truck or motor vehicle for the purposes of exemption (25-13-612(b) MCA). I hold that it does not. Montana has a specific statute dealing with truck or automobile, 25-13-617 MCA, which reads, in part as follows: "(1) In addition to all other exemptions, one truck or automobile of the value of not more than $1,000.00 is exempt ..."

The 1981 amendment raised the dollar figure of this section from $300.00 to $1,000.00. As shown, it uses the singular term "one" and not two or more trucks or automobiles. I feel that if the Legislature had intended to include a vehicle in the term "tools or implements of the trade", it could easily have done so at the same time. It is not the function of this Court to change or alter the wording of legislative intent. While exemption statutes are to be liberally construed, such construction does not permit disregard of plain legislative mandates. See *White v. Corbett*, 101 Mont. 1, 52 P.2d 156 (1935). Black's Law Dictionary defines the term tool to mean "an instrument of manual operation; that is an instrument to be used and managed by the hand instead of being moved and controlled by machinery. Tools of trade, aparatus of trade and like terms under exemption statutes under Bankruptcy Act cover tools that vary according to the trade, handicraft or art in which they are used."

I feel it is stretching the clear meaning of the words used by the Legislature, after several amendments in which they could have been altered or changed, to hold a truck or automobile to be a "tool or implement necessary to carry on his trade." One is a complicated mechanical combination of wheels, brakes, valves, carburators, ad infinitum. The other is an instrument of manual operation.

Further, the Legislature in its wisdom specifically allowed and set an exemption for a "truck or automobile" in a dollar amount of $1,000.00. As mentioned, this was done in 1981, supposedly to take into account inflation since the last legislative action when it was set at $300.00. I cannot expand the intention of the Legislature beyond the limits it placed with the words it chose. This truck, though used by the debtor in his trade or business, is still not a "tool or implement" within the meaning of 25-13-612 MCA. I rule, therefore, that it is not exempt as against the trustee.

Statutes of some other states specifically designate motor vehicles as exempt when used in particular trades, businesses or occupations. Also, some states have held that a motor vehicle may be a tool of the trade, but in Montana, I find no decision by our Supreme Court, and I have to rule under the particular wording of the Montana statute, which varies from the other

states.  See 31 Amjur Exemptions, Section 62 and Section 64–68.

WHEREFORE, IT IS ORDERED:

1.  That the objection of the trustee to the exemption claimed of a White truck equipped with a boom in this matter is hereby granted.

James C. Bartlett, Kalispell, Mont., for debtors.

Helena M. Maclay, Missoula, Mont., for PCA.

Randall Ogle, Kalispell, Mont., Trustee.